HIRSCHAUER, APPELLANT, *v.* DAVIS ET AL., APPELLEES.

(No. 222—Decided May 22, 1954.)

*Mr. Harry Gehler* and *Messrs. Nichols, Speidel & Nichols,* for appellant.
*Messrs. Ely, White & Davidson,* for appellees.

Ross, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Clermont County in favor of the defendants, consequent upon a verdict of a jury.

The action is based upon liability imposed by Section 5838, General Code, amended, effective September 10, 1951 (now Section 955.28, Revised Code).

The incident involved in this litigation occurred November 8, 1951.

In the amended petition, it is alleged that the defendants were the owners of a certain St. Bernard dog, and the plaintiff was the owner of a tractor-trailer, driven by an employee; that while such vehicle was being driven on highway No. 74 in Clermont County, this dog, being large and massive in size, ran out of defendants' yard, situated on the south side of the highway, directly into the path of such vehicle; and that the sudden act of the dog caused the employee to swerve the tractor-trailer in an endeavor to avoid striking the dog, but that the rear of the vehicle struck the dog, the vehicle went out of control and ran off the north side of the road, where it overturned and was completely demolished.

It is alleged further that the dog ran into the highway in response to a whistle of one of the defendants.

In an answer, verified only by Margaret Davis, it is alleged that the defendants are the owners of a farm situated on both the north and south sides of highway No. 74; that they were the owners of two St. Bernard dogs; that one of the dogs *crossed* the road; that a tractor-trailer was operated by the employee of plaintiff on such highway; and that such employee lost control of the vehicle and wrecked it.

It is alleged further that the damage to such tractor-trailer was caused solely by the defective condition of such truck and the careless and negligent manner in which the employee operated the vehicle. Otherwise, the answer is a general denial of the allegations of the petition.

There can be no question that the evidence conclusively shows the ownership and operation of the tractor-trailer as alleged in the amended petition; that a dog, owned by the defendants, started to cross the highway; that the operator swerved the vehicle away from the dog to the north side of the highway;

that the rear part of such vehicle struck the dog when it was on the south side of the highway; that a wheel of the tractor ceased to turn; and that the entire outfit went across to the north side of the highway, overturned and was completely demolished.

It is evident that both counsel for the defendants and the court misconstrued this action as one for negligence on the part of the defendants, instead of a purely statutory proceeding under the provisions of Section 5838, General Code, as amended September 10, 1951, the statute applicable to the incidents occurring on November 8, 1951. The misconception may have been caused by a purely unnecessary and irrelevant allegation of the petition, in which it is stated that the dog in response to a whistle of one of defendants started to cross the highway from south to north.

No cause of action was set up for negligence of the defendants. The allegation constituted pure surplusage in the amended petition. There is no allegation that the damages of the plaintiff were caused by the act of the defendant in whistling for his dog. On the contrary, it is specifically alleged that such damage was caused by "the sudden act of defendants' dog." Even if by any stretch of the imagination such irrelevant allegation could be extended into one justifying a cause of action in negligence (which we hold not to be the case) a clear-cut cause of action was stated under the statute, and the plaintiff was entitled to have that cause of action clearly stated to the jury, which was not done. *McIntosh* v. *Doddy*, 81 Ohio App., 351, 77 N. E. (2d), 260.

Another complete misconception, influencing the presentation of the case to the jury, occurred in construing the amended section of the statute. A number of authorities cited are predicated upon the statute before amendment. One similarity exists. In both

the earlier and present forms the section of the statute is addressed to two entirely different situations: First, the right of a person to kill a dog which "chases, worries, injures or kills sheep," and, second, the liability of an owner or harborer of a dog for damage and injury done. The two provisions of the statute are indicated in the titles of the earlier and later forms of the statute. The earlier form is found in 94 Ohio Laws, 118, Sections 1 and 2; the latter in 124 Ohio Laws, 428, 430, effective September 10, 1951.

In the earlier form of the statute it will be noticed that the *liability of the owner* is imposed for the act of "such dog," to wit, one which chases, worries, injures, or kills sheep, etc. In the present form of the applicable statute, Section 5838, General Code, it is provided that the owner or keeper of *a* dog is liable for damages caused thereby. In the earlier section, the liability for such dog was unqualified. In the present section there are exceptions in favor of the owner or keeper against a trespasser, or where the person injured was teasing or tormenting the dog. The net result of these changes is now, with the exceptions noted, which are inapplicable to the facts herein involved, to make the owner or keeper of *a* dog liable for damages proximately caused by the owner's or keeper's dog; the statement in the present statute, referring to chasing, worrying, etc., applying to the animal which may be killed. This part of the section is completely divorced from that part of the section dealing with the liability of the owner or keeper of *a* dog. No clearer language could be used: "The owner or keeper shall be liable for any damage or injuries caused by a dog."

The issues in the instant case were therefore: first, The ownership of the dog (admitted); second, whether the act of the dog was the proximate cause of the dam-

ages to the property of the plaintiff; third, did the plaintiff's employee do what a reasonable man would do under the same or similar circumstances; and fourth, the extent and value of the property damaged.

See 2 Ohio Jurisprudence (2d), 466, Section 90 *et seq.*, and annotations.

The plaintiff complains that the court refused his special charge No. 1, which is as follows:

"I charge you, members of the jury, that the law of Ohio imposes an absolute liability on the owner of a dog which causes damage or injury, and knowledge, fault, negligence or contributory negligence are not involved, and if you find from the evidence in this case that the dog in question was owned by the defendants and caused the accident at issue, then your verdict must be for the plaintiff."

This charge contained a correct statement of the law applicable to the facts in the case, and the refusal to give such charge at the request of plaintiff constituted error prejudicial to the plaintiff.

Special charge No. 2, requested by plaintiff, is essentially the same as charge No. 1, except that no reference is made to "knowledge, fault, negligence or contributory negligence."

If the court had given the first charge, it would not have been error to refuse the second. Independently of each other, both were correct.

Special charges Nos. 3, 4, 5 and 6 were given by the court at the request of the defendants and over the objection of the plaintiff.

Charge No. 3 is as follows:

"I charge you ladies and gentlemen of the jury, that if you find the plaintiff (himself or by and through the driver of the truck) was guilty of any negligence and that this negligence contributed in the slightest degree to the injuries of which the plaintiff complains

in his petition, then your verdict should be for the defendant.''

This charge erroneously injects the element of negligence into the case and was prejudicial to plaintiff.

Special charge No. 4 is:

''I charge you ladies and gentlemen of the jury, that should you find from the evidence that the brakes on the plaintiff's truck when applied caused the left front wheel to lock, and that it is likely as otherwise, that this locking of the left front wheel, was the proximate cause of the injuries of which the plaintiff complains, your verdict should be for the defendant.''

''Likely as otherwise'' means simply it was possible. Proof of mere possibility is not sufficient. The burden rested upon plaintiff to prove by a preponderance of the evidence that the act of the dog was the proximate cause of his damage. The defendants in endeavoring to rebut the evidence introduced by plaintiff to such effect might introduce evidence showing that there was a cause which would clearly exclude the act of the dog as the proximate cause of plaintiff's damage. Evidence that it might have such effect is not enough. A possibility is not a probability with which juries deal. *Gerich* v. *Republic Steel Corp.*, 153 Ohio St., 463, 92 N. E. (2d), 393; *Stevens* v. *Industrial Commission*, 145 Ohio St., 198, 61 N. E. (2d), 198; *Pfister* v. *Industrial Commission*, 139 Ohio St., 399, 40 N. E. (2d), 671; *Drakulich* v. *Industrial Commission*, 137 Ohio St., 82, 27 N. E. (2d), 932.

This charge also excludes the reason for the locking, if such existed.

Long skid marks on a road are evidence of locked wheels, caused by normal pressure upon the brake. Such static condition of a wheel may or may not have been a factor in the chain of circumstances initiated by the act of the dog in dashing into the highway and

ultimately resulting in the plaintiff's damages. It was for the jury to say whether some cause intervened breaking the causal connection between the original action of the dog and the damages to the tractor-trailer. The mere fact that such wheel became "locked" or static would not necessarily excuse the defendants. Such locking may have been the result of a perfectly natural impulse upon the part of a reasonable man to avoid injury to the dog, himself, and the vehicles. The giving of this charge constituted error prejudicial to the plaintiff.

Special charge No. 5 requested by the defendant is:

"I charge you ladies and gentlemen of the jury, that if you find from the evidence that the left front wheel of the plaintiff's truck locked when the driver attempted to stop and that the driver of the truck could have stopped the truck before it hit the dog, if the wheel of such truck had not locked, and that the truck would not have gotten out of control and upset, but for such locking of the left front wheel, then your verdict should be for the defendant."

The objections applicable to charge No. 4 apply to this charge. Both leave out of consideration the question of whether the plaintiff's employee acted reasonably under the circumstances and the part the dog played in the whole incident.

The charge is also objectionable in that it is in effect merely an argumentative statement of evidence which was in dispute.

In the general charge, to which objection is made, the court stated one of the issues presented to the jury was: "Did the dog chase or worry the plaintiff?" The plaintiff was the owner, not the driver, of the tractor-trailer. And it was wholly immaterial whether the dog chased or worried either the plaintiff or the employee. The issue is, was the action of the dog

the proximate cause of the damages suffered by the plaintiff? The second part of the statute does not deal with chasing or worrying dogs—it deals with *a* dog. Decisions of courts when the statute contained the words, "such dog," are not controlling. "Such dog" may have had proper application in those cases to such chasing or worrying dog. Inadvertence may not account for the change in verbiage.

The court stated as another issue: "As a proximate cause of such chasing or worrying, was the plaintiff damaged as set forth in the petition?"

The same criticism applies to this statement.

The court stated as another issue: "Were the defendants negligent?"; a wholly immaterial matter. It is not in this action a question of what the defendants did or did not do. It is a question of what the dog did and caused the plaintiff's employee to do.

Again, the court stated as another issue: "Was the plaintiff guilty of negligence which directly contributed to or caused his damage?"

It is difficult to see how the negligence of plaintiff could have been the sole, proximate cause of his damages. In any event, the issue was whether the actions of the dog were the proximate cause of the damages. This was the issue attempted to be stated.

Then the court stated the burden is on the plaintiff to "establish these facts," except contributory negligence.

The court then proceeded to charge on negligence and contributory negligence, all of which misled the jury as to the nature of the action they were considering.

The judgment of the trial court will be reversed and the cause remanded for a new trial, because the court, in special charges, refused and given, and in its general charge, failed to state the issues presented by

Section 5838, General Code, as amended September 10, 1951, and the pleadings and evidence in this case, and erroneously to the prejudice of the plaintiff misstated such issues, by injecting into the case defenses available to the defendants which were not provided for in such statute, and by placing upon the plaintiff burdens of proof not sustained by law.

*Judgment reversed and cause remanded.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.