PULLEY, APPELLEE, *v.* MALEK ET AL., APPELLANTS.

[Cite as Pulley *v.* Malek (1986), 25 Ohio St. 3d 95.]

(No. 85-1526—Decided July 23, 1986.)

*Seymour Gross,* for appellee.

*Gallagher, Sharp, Fulton & Norman, Joseph W. Pappalardo* and *Lynn L. Moore,* for appellants.

CELEBREZZE, C.J. The first question for our review is whether a directed verdict on the issue of liability should have been entered in favor of appellee. Appellants contend that there was sufficient evidence supporting the statutory defense that appellee had tormented the dog to send this case to the jury. We agree with appellants.

Civ. R. 50(A)(4) states that a motion for a directed verdict shall not be entered unless, after construing the evidence most strongly in favor of the non-moving party, reasonable minds could come to but one conclusion adverse to that party. The court of appeals determined that appellants had produced no evidence that appellee had "maliciously provoked" the dog. However, there is nothing in R.C. 955.28 which requires a defendant in a dog bite case to prove malicious intent on the part of the plaintiff in order to escape liability. The jury instructions given in the instant case defined tormenting as "conduct which provokes a greater annoyance and implies some torture or *pain.*" (Emphasis added.) Reasonable jurors could have concluded that in picking up the injured animal, appellee did torment the dog within the meaning of R.C. 955.28. Thus, the court of appeals' order directing a verdict for appellee must be reversed.

The next question we must resolve is whether assumption of the risk is a permissible defense to an action brought pursuant to R.C. 955.28. The third sentence of this statute reads as follows:

"The owner or keeper [of a dog] shall be liable for any damage or injury caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property."

The language of this statute is clear and unambiguous — the owner of a dog shall be liable unless one of the specifically enumerated statutory defenses is proven. Appellants would have us read into this statute the broad common-law defense of assumption of the risk. This we cannot do, for a statute which is free from ambiguity is not subject to judicial

modification under the guise of interpretation. *Ohio Motor Vehicle Dealers Bd.* v. *Remlinger* (1983), 8 Ohio St. 3d 26, 28; *Crowl* v. *DeLuca* (1972), 29 Ohio St. 2d 53, 58-59 [58 O.O.2d 107]; *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 27-28 [53 O.O.2d 13]; *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127 [49 O.O.2d 445].

This court has previously recognized that the statute is to be strictly construed. In *Hirschauer* v. *Davis* (1955), 163 Ohio St. 105 [56 O.O. 169], paragraph two of the syllabus, we stated that "Section 955.28, Revised Code, imposes an absolute liability on the owner or keeper of a dog for any damage or injury caused by that dog, *subject only to exceptions contained in the second* [now, third] *sentence of such section* and the qualification that the actions of the dog were the proximate cause of the damage or injury." (Emphasis added.) Those exceptions do not include assumption of the risk. We therefore hold that assumption of the risk is not a permissible defense to an action for a dog bite brought pursuant to R.C. 955.28. The trial court erred in charging the jury on this defense.

Appellants contend, however, that no prejudice flowed from this erroneous instruction. Appellants assert that it can be assumed the jury found that appellee tormented the dog and returned its verdict on that basis, since the general verdict was untested by interrogatories. Appellants are apparently arguing that they should benefit from the so-called two-issue rule, first set forth in *Sites* v. *Haverstick* (1873), 23 Ohio St. 626. This has been defined as follows:

"* * * [E]rror in the charge of the court dealing exclusively with one of two or more complete and independent issues required to be presented to a jury in a civil action will be disregarded, if the charge in respect to another independent issue which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories or otherwise that the verdict is in fact based upon the issue to which the erroneous instruction related." *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657 [33 O.O. 154], paragraph three of the syllabus. This rule has "not met with universal favor" and we have indicated a reluctance to "further extend the operation of the rule." *H. E. Culbertson Co.* v. *Warden* (1931), 123 Ohio St. 297, 303.

We disagree with appellants and conclude that application of the two-issue rule is improper in this instance and would result in a substantial injustice. "For the rule to apply, the issues involved must be complete and independent." *Gallagher* v. *Cooper* (1984), 14 Ohio St. 3d 41, 43. This court on numerous occasions has refused to apply the two-issue rule where several claims or defenses, even though raised as separate issues, were in reality based on the same general theory. See *id.; Brown* v. *General Motors* (1974), 38 Ohio St. 2d 286 [67 O.O.2d 351]; *Taylor* v. *Cincinnati* (1944), 143 Ohio St. 426 [28 O.O. 369]; *H. E. Culbertson Co.* v. *Warden, supra.* The defenses raised by appellants herein were not complete and independent. Rather, they were interwoven into the single issue of whether

appellee's own conduct was the proximate cause of his injury. We therefore affirm the court of appeals' determination that the erroneous instruction on assumption of the risk was prejudicial, requiring reversal.

Accordingly, the judgment of the court of appeals is reversed in part and affirmed in part, and the cause is remanded to the trial court for a new trial consistent with this opinion.

*Judgment accordingly.*

SWEENEY, C. BROWN and DOUGLAS, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., concur in part and dissent in part.

HOLMES, J., concurring in part and dissenting in part. I agree with the majority's conclusion that a directed verdict for appellee on the issue of liability is inappropriate. However, I must dissent from the majority's discussion and conclusions as to the assumption of risk issue because it ignores the continuing existence of the common-law defense even after the statutory creation of strict liability.

R.C. 955.28 makes it clear that someone who is injured by a dog because that person was tormenting or abusing the dog cannot hold the owner liable for such injury. It follows that a directed verdict in favor of a plaintiff in such a case is inappropriate whenever reasonable minds could conclude that the plaintiff engaged in conduct "which provokes a greater annoyance and implies some * * * pain," or "which includes some physical injury or pain," for the dog. 2 Ohio Jury Instructions, Civil (1970), 217.03(a), at 85, definitions of "tormenting" and "abusing," respectively. It is clear from the evidence, *i.e.*, appellee's admission that he lacked knowledge of how to treat or handle injured animals and that he picked up the dog knowing it had been injured, that reasonable minds could, and did, find that appellee abused or tormented the dog. The appellate court erroneously usurped the fact-finder's authority to determine whether one or more of the exceptions to a dog owner's liability applied.

While it is true that Ohio's dog bite statute establishes an owner's liability without regard to the owner's negligence, *Allstate Ins. Co.* v. *U.S. Associates Realty, Inc.* (1983), 11 Ohio App. 3d 242, 246, citing *Hirschauer* v. *Davis* (1954), 98 Ohio App. 479 [58 O.O. 32], affirmed (1955), 163 Ohio St. 105 [56 O.O. 169]; and *Silverglade* v. *Von Rohr* (1923), 107 Ohio St. 75, subject only to the statutory exceptions, *Hirschauer, supra,* at paragraph two of the syllabus, I cannot agree that simply because those exceptions do not include assumption of the risk that such defense is not available. Merely because a statute sets forth strict liability except in certain situations does not abrogate general underlying common law.

Although this court has not yet addressed the issue of comparative liability in strict liability actions since the Comparative Negligence Act,

R.C. 2315.19, was passed, in the analogous area of strict products liability law, it has been said that "Ohio law presently follows the common law view of the defenses available in products cases." Hasten, Comparative Liability Principles: Should They Now Apply to Strict Products Liability Actions in Ohio? (1983), 14 Tol. L. Rev. 1151, 1159, citing *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 322 [4 O.O.3d 466] (approving Section 402A of 1 Restatement of the Law 2d, Torts [1965] 347-348, and all its "illustrative comments"); and *Jones* v. *White Motor Corp.* (1978), 61 Ohio App. 2d 162 [15 O.O.3d 292]. In addition, the majority of jurisdictions with comparative negligence statutes "have ruled in favor of comparing the plaintiff's misconduct with the defendant's defective product in strict liability actions." Hasten, *supra,* at 1154. See, also, Schwartz, Strict Liability and Comparative Negligence (1974), 42 Tenn. L. Rev. 171, 174; and 63A American Jurisprudence 2d (1984), Products Liability, Section 952, at 88, citing to cases from Alabama, California, Florida, Illinois, Kansas, Minnesota, Montana, New Hampshire, New York, Oregon, West Virginia and Wisconsin.

In common-law causes of action based on strict liability, a defense of assumption of risk has generally been available when the plaintiff's conduct amounts to more than mere failure to discover danger or take precautions, *i.e.,* when the plaintiff's conduct consists of voluntarily and unreasonably encountering a known danger. Restatement of the Law 2d, Torts (1965 and 1977), Section 515, at 25 (abnormally dangerous domestic animals), Section 524(1), at 50 (abnormally dangerous activities), Section 402A, at 347-348 (strict products liability), and Section 524(2), at 50 (generally, plaintiff's contributory negligence in knowingly and unreasonably subjecting himself to the risk of harm from the activity is a defense to the strict liability); Prosser & Keeton, Law of Torts (5 Ed. 1984) 565, Section 79 ("* * * [A] plaintiff who is injured by the defendant's dangerous animal is not barred from recovery by his own lack of ordinary care in failing to discover its presence, or in inadvertently coming in contact with it * * *. At the same time, contributory negligence by way of knowingly and unreasonably subjecting oneself to a risk of harm from an abnormally dangerous animal will constitute a defense."); 74 American Jurisprudence 2d (1974) 658, Torts, Section 45 ("* * * [I]f he [plaintiff] has discovered the danger, he will be barred by his own wanton, willful, or reckless misconduct which materially increases the probabilities of injury or which amounts to an invitation to injury, or at least indifference to consequences."); 63A American Jurisprudence 2d, Products Liability, at Sections 951, 952, 954, 957 and 965. See, also, *Beacham* v. *Lee-Norse* (C.A.10, 1983), 714 F. 2d 1010 (trial court properly excluded evidence as to assumption of risk absent proof that plaintiff voluntarily exposed himself to roof bolter machine); *Zahrte* v. *Sturm, Ruger & Co.* (Mont. 1983), 661 P. 2d 17 (assumption of risk available defense under strict liability if defendant could establish that plaintiff voluntarily and unreasonably exposed himself

to known danger); and *Brandenburg* v. *Weaver Mfg. Co.* (1966), 77 Ill. App. 2d 374, 222 N.E. 2d 348 (strict liability in tort does not permit one to recover for injuries occasioned by his own fault).

It has been said, in the context of strict products liability cases, that, when a user unreasonably proceeds to use a product which he knows to be defective and dangerous, he is denied recovery not because of his contributory negligence or his assumption of the risk, but, rather, because his conduct is the proximate cause of his injuries as a matter of law. *Correia* v. *Firestone Tire & Rubber Co.* (1983), 388 Mass. 342, 446 N.E. 2d 1033.

Even in strict liability actions the claimant's conduct is to be examined when there is no reason to have others bear the consequences of the claimant's fault. 63A American Jurisprudence 2d, Products Liability, at Section 963. R.C. 955.28 expresses a legislative desire to hold owners liable for injuries caused by their dogs irrespective of the owners' negligence, presumably because it is in the public interest to protect innocent passersby. See *Kingsley* v. *Yocum* (1929), 34 Ohio App. 226 (owner liable when plaintiff did not know the dog was there, let alone that dog was vicious). However, the policy for protection is nonexistent when the injured person proceeds unreasonably to encounter a known risk. No wrong can occur to one who is willing to have an interest invaded. Prosser & Keeton, *supra,* at Section 18. Of course, it is for the defense to prove that the plaintiff subjectively knew of the danger since, "* * * [if the] injured party does not understand the risk involved in a known situation, he will not be taken to have assumed the risk." 63A American Jurisprudence 2d, Products Liability, Section 955, at 93.

In my view, the appellants put on sufficient evidence from which reasonable minds could and did find that appellee knew of the danger inherent in picking up a dog which had just been hit by an automobile, but proceeded to unreasonably and voluntarily pick it up anyway, contrary to the owner's refusal of his help. Appellee should not be allowed to recover from the dog's owner under R.C. 955.28 merely because this statute and the majority fail to acknowledge the existence of the common-law defenses to strict liability actions in such a situation. Accordingly, I would order a total reversal of the appellate court's decision and reinstatement of the trial court's judgment.

LOCHER and WRIGHT, JJ., concur in the foregoing opinion.