[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 457.]

**WAGNER, APPELLANT, *v*. ROCHE LABORATORIES ET AL., APPELLEES.**

**[Cite as *Wagner v. Roche Laboratories*, 1999-Ohio-309.]**

*Civil procedure—Defendants not sufficiently prejudiced by trial court's instruction on breach of express warranty, so that trial court did not err in denying defendants' motion for a new trial.*

(No. 98-104—Submitted January 13, 1999—Decided May 12, 1999.)

APPEAL from the Court of Appeals for Lucas County, No. L-93-277.

_____

{¶ 1} This is the second time this case has been before this court. In *Wagner v. Roche Laboratories* (1996), 77 Ohio St.3d 116, 671 N.E.2d 252, this court reviewed a court of appeals' judgment that had reversed a jury verdict in favor of plaintiff-appellant, Josephine Wagner, on her products liability claims against defendants-appellees, Roche Laboratories and Hoffman-LaRoche, Inc. ("Roche"). Wagner's suit against Roche was based on serious physical complications she claimed were caused in part by her ingestion of Accutane, a prescription drug developed and marketed by Roche for the treatment of acne. At issue in that appeal was her claim at trial that Roche had failed to provide adequate warnings about possible adverse reactions to Accutane that could arise for certain users.

{¶ 2} The court of appeals had determined that " '[r]easonable minds could only conclude the warning provided by Roche for Accutane was adequate, and, therefore, the issue should not have been submitted to the jury,' " and further determined that the trial court erred by not entering a directed verdict for Roche. See 77 Ohio St.3d at 118, 671 N.E.2d at 255. In light of this holding, the court of appeals had found Roche's other assignment of error, as well as Wagner's entire cross-appeal, moot, and so did not address them.

**{¶ 3}** This court reversed the judgment of the court of appeals, determining that Wagner had created a jury question on her failure-to-warn claim sufficient to overcome Roche's motion for a directed verdict. See 77 Ohio St.3d at 121, 671 N.E.2d at 256. We thus resolved the issue appealed in favor of Wagner, and so upheld the jury's determination of Roche's liability on failure-to-warn grounds. We remanded the cause to the court of appeals for that court to address the remaining assignments of error raised by both parties.

**{¶ 4}** On remand, the court of appeals first considered Roche's remaining assignment of error, which urged that the trial court erred in denying its motion for a new trial for several distinct reasons. The court of appeals focused on Roche's argument that the jury was improperly instructed on breach of express and implied warranties, and again reversed the jury verdict in favor of Wagner. The court of appeals found, in a split decision, that there was no evidence presented to support the jury instruction on express warranty. The court of appeals further found that, despite the absence of interrogatories that could have clarified the grounds for the jury's decision, the giving of the express-warranty instruction was sufficiently prejudicial to Roche that a new trial should have been ordered.

**{¶ 5}** The dissenter at the court of appeals determined that there was substantial evidence in the record supporting Wagner's breach-of-express-warranty claim. Furthermore, the dissenter would have found that the trial court did not err in denying the new trial motion, because there was no indication that Roche was prejudiced by the giving of the instruction, even if there would not have been support in the record for the claim.

**{¶ 6}** The court of appeals on remand also considered Wagner's cross-assignments of error, upholding various rulings by the trial court with which Wagner took issue.

**{¶ 7}** This cause is now before this court upon the allowance of a discretionary appeal.

---

*Don C. Iler Co., L.P.A., Don C. Iler* and *Nancy C. Iler*, for appellant.

*Arter & Hadden, L.L.P., Irene C. Keyse-Walker, Janet H. Smith* and *George Gore,* for appellees.

---

**ALICE ROBIE RESNICK, J.**

{¶ 8} The principal issue presented is whether Roche was sufficiently prejudiced by the trial court's instruction on breach of express warranty so that the trial court erred in denying Roche's motion for a new trial. For the following reasons, we reverse the judgment of the court of appeals on this issue and reinstate the judgment of the trial court denying a new trial to Roche.

{¶ 9} "An express warranty is an affirmation of fact by the seller as to a product or commodity to induce the purchase thereof, on which affirmation the buyer relies in making the purchase." *Rogers v. Toni Home Permanent Co.* (1958), 167 Ohio St. 244, 4 O.O.2d 291, 147 N.E.2d 612, paragraph two of the syllabus.

{¶ 10} The court reporter's transcription of the trial court's oral instruction to the jury on breach of express warranty follows:

"[Mrs. Wagner] alleges that Hoffman-La Roche breached it's [*sic*] expressed [*sic*] * * * warranties of fitness and merchantability. Mrs. Wagner claims that Hoffman-La Roche breached an expressed [*sic*] warranty that Accutane was a good, safe and merchantable quality and that Accutane was safe for its intended use. Mrs. Wagner must prove to you by the greater weight of the evidence that Hoffman-La Roche made to Mrs. Wagner an affirmation or promise about Accutane that became part of the basis of the bargain.

"If you so find an expressed [*sic*] warranty was created by that, the Accutane shall conform to the affirmation or promise.

"It is not necessary to the creation of an expressed [*sic*] warranty that the seller used former [*sic*] words such as warranty or guarantee or that he have a

specific intention to make a warranty but a general statement about the value of the goods or a statement purporting to [be] the seller's opinion or praise of the goods does not create a warranty. * * * "

{¶ 11} The court of appeals first found that the trial court's instruction on breach of express warranty was totally unjustified by the evidence. Then, building on that conclusion, the court of appeals found that the giving of the instruction was inherently prejudicial to Roche, so that a new trial, under the requirements of Civ.R. 59, was necessary.

{¶ 12} An important factor going to the issue of whether Roche is entitled to a new trial is that the jury returned a general verdict unaccompanied by interrogatories that may have clarified the basis for the jury's decision finding Roche liable to Wagner. Thus, it is impossible for us to precisely determine whether the jury might have based its determination on something other than the failure-to-warn claim put forth by Wagner. We definitely resolved the validity of the jury's determination on that claim in our earlier consideration of this case.

{¶ 13} We must resolve whether, in the circumstances of this case, the record supports the court of appeals' conclusion that Roche was sufficiently prejudiced by the breach-of-express-warranty instruction so that a new trial is in order. The trial court's decision to deny Roche's new trial motion in this situation is entitled to deference to the extent that the trial court exercised judicial discretion in reaching its decision. However, to the extent that the trial court decision being challenged did not involve the exercise of discretion, but was based on a question of law, no deference is afforded. See *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685, paragraphs one and two of the syllabus.

{¶ 14} This case potentially implicates the so-called two-issue rule, first adopted in Ohio in *Sites v. Haverstick* (1873), 23 Ohio St. 626. "The two-issue rule is, that error in the charge of the court dealing exclusively with one of two or more complete and independent issues required to be presented to a jury in a civil action

will be disregarded, if the charge in respect to another independent issue which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories or otherwise that the verdict is in fact based upon the issue to which the erroneous instruction related." *Bush v. Harvey Transfer Co.* (1946), 146 Ohio St. 657, 33 O.O. 154, 67 N.E.2d 851, paragraph three of the syllabus; *Pulley v. Malek* (1986), 25 Ohio St.3d 95, 97, 25 OBR 145, 147, 495 N.E.2d 402, 404. The rule generally applies "where there are two causes of action, or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party * * *." *H.E. Culbertson Co. v. Warden* (1931), 123 Ohio St. 297, 303, 175 N.E. 205, 207.

{¶ 15} The two-issue rule is in essence a rule concerned with prejudice. "[A]n appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 110, 41 O.O.2d 412, 414, 233 N.E.2d 137, 140.

{¶ 16} However, the two-issue rule does not apply when there was a charge on an issue upon which the jury should not have been charged at all. *Ricks v. Jackson* (1959), 169 Ohio St. 254, 8 O.O.2d 255, 159 N.E.2d 225, paragraph four of the syllabus. In that situation, prejudice is generally presumed.

{¶ 17} The court of appeals majority below determined that the trial court should not have instructed the jury on Wagner's breach-of-express-warranty claim, and further concluded that *Ricks* applied, because there was no support in the record for giving such an instruction. Consequently, the court of appeals majority found no need to resort to the two-issue rule to evaluate whether Roche was prejudiced by the instruction.

{¶ 18} Our extensive review of the record in our previous consideration of the jury's award in this case convinces us that Wagner's presentation of evidence

to the jury was overwhelmingly premised on developing her failure-to-warn claim. Reviewing the record in the context of Wagner's breach-of-express-warranty claim, we find that the record is not totally devoid of evidence going to support a breach-of-express-warranty instruction. At the same time, the wording of the instruction does not seem to have been particularly well suited to the circumstances of this case.

{¶ 19} However, it is not necessary for us to definitively determine whether the instruction was properly given in order to resolve the overall new trial question. Even if we assume for the purposes of argument that the instruction should not have been given, we find that the record does not require overturning the trial court's decision to deny a new trial. Our specific disagreement with the court of appeals' approach is with the degree of prejudice that the court of appeals apparently attributed to the giving of the instruction.

{¶ 20} Concluding that the instruction should not have been given is not the same as concluding, as a majority of the court of appeals did, that absolutely no evidence in the record supported the giving of the instruction, so that the instruction was so prejudicial under *Ricks* that a new trial was warranted. In *Ricks*, 169 Ohio St. at 255-257, 8 O.O.2d at 256-257, 159 N.E.2d at 226-227, a personal injury negligence case, the trial court instructed the jury on the plaintiff's assumption of the risk, at the defendant's request, when there was no basis whatsoever in the record for the giving of that instruction. After the jury returned a general verdict in favor of the defendant, this court found that a new trial was necessary because of the fundamental way that the giving of that instruction misled the jury. We distinguish this case from *Ricks* because the degree of prejudice in this case, even assuming that the instruction should not have been given, is totally unlike the inherent prejudice that resulted from the giving of the instruction at issue in that case.

**{¶ 21}** Since *Ricks* does not apply, resort to the two-issue rule is appropriate. When we apply the two-issue rule, it becomes apparent that the giving of the instruction was not prejudicial to Roche. Thus, a new trial is not required. In this situation, we will not assume the presence of prejudice to Roche but must find prejudice on the face of the record. Given that Roche failed to request interrogatories that might have explained the jury's general verdict in Wagner's favor, and finding no clear indication in the record that Roche was prejudiced by the instruction, we reverse the judgment of the court of appeals on this issue.

**{¶ 22}** Roche's new-trial assignment of error in the court of appeals also urged that a new trial is warranted on other grounds unrelated to the giving of the breach-of-express-warranty instruction. Even though this cause has been through the court of appeals twice, that court has not yet addressed those aspects of Roche's argument because the court of appeals found that its respective decisions reversing the jury verdict in favor of Wagner made the contentions moot each time. We have thoroughly examined the record regarding Roche's remaining unaddressed new-trial arguments. We find no prejudice on any remaining ground raised in Roche's appeal sufficient to warrant a new trial, and so reinstate the trial court's denial of a new trial as to all grounds relied upon by Roche. We therefore reinstate the trial court's entry of judgment as entered on the jury's verdict.

**{¶ 23}** Furthermore, all of Wagner's remaining propositions of law that are not addressed in this opinion are hereby dismissed as improvidently allowed. The end result is that all of the various rulings of the trial court that were challenged on appeal are either reinstated or upheld, and this litigation is concluded.

*Judgment accordingly.*

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

7

**{¶ 24}** I respectfully dissent. Because Josephine Wagner's evidence did not support her breach-of-express-warranty claim, the jury instruction on that issue was given in error to the prejudice of Roche, and the appellate court properly remanded for a new trial.

**{¶ 25}** An ultimate consumer may maintain an action directly against a manufacturer for breach of express warranty where all the following exist: (1) the manufacturer of the product, through advertising, makes representations regarding the quality and merit of its product, (2) the representations are aimed directly at the ultimate consumer, urging the consumer to purchase the product, (3) the consumer, relying on the manufacturer's representations, does purchase the product, and (4) the consumer suffers harm as a result of that reliance. *Rogers v. Toni Home Permanent Co.* (1958), 167 Ohio St. 244, 4 O.O.2d 291, 147 N.E.2d 612, paragraph three of the syllabus. Here, on the undisputed state of the evidence, Wagner failed to satisfy the second and third elements of this test. She does not argue to this court that Roche made any representations directly to her, or that she relied on such. Instead, she attempts to support her claim for breach of express warranty by arguing Roche made representations to *her doctor* upon which *her doctor* relied, and that she, in turn, relied upon *her doctor* in ingesting the drug. Because this evidence cannot support the express-warranty claim, the court erred in presenting the issue to the jury. See *Ricks v. Jackson* (1959), 169 Ohio St. 254, 8 O.O.2d 255, 159 N.E.2d 225, paragraph three of the syllabus.

**{¶ 26}** Under *Ricks*, the two issue rule "does not apply where there is a charge on an issue upon which there should have been no charge." *Id*. at paragraph four of the syllabus. The majority attempts to distinguish this case from *Ricks*, however, by concluding that greater prejudice resulted from the improper charge in that case. The quantum of prejudice, however, is not the barometer for application of the *Ricks* analysis. Here, as in *Ricks*, there was no evidence supporting the improper charge. In both cases, the jury was allowed to believe that a certain state

of facts was possible where, under the evidence, it was not. See *Denzer v. Terpstra* (1934), 129 Ohio St. 1, 7, 1 O.O. 303, 306, 193 N.E. 647, 649. It cannot be said, then, that the jury would have arrived at the same conclusion absent the error. As the majority here concedes, in cases such as this, where an instruction is given with no evidence to support it, prejudice is generally presumed.

{¶ 27} Even if the state of the plaintiff's evidence had warranted a breach-of-express-warranty charge here, the instruction the court offered was the wrong one. Its breach-of-express-warranty charge did not require the jury to find that Wagner *relied* on any representation by Roche. Reliance is a necessary element of the cause of action. Hence, the jury was permitted not only to find Roche liable on a charge that was unsupported by the evidence, but also to find Roche liable on that charge without finding all the necessary elements.

{¶ 28} In *Wagner v. Roche Laboratories* (1996), 77 Ohio St.3d 116, 671 N.E.2d 252 (*Wagner I*), this court concluded that Wagner had presented enough evidence on her *failure-to-warn* claim to overcome Roche's motion for directed verdict. But we remanded to the court of appeals for consideration of Roche's claim that a new trial was warranted. *Id*. at 124, 671 N.E.2d at 259. Upon remand, Roche successfully demonstrated that there was no evidence supporting Wagner's breach-of-express-warranty claim and that, under *Ricks*, the faulty instruction on that issue tainted the process to Roche's prejudice. Roche having so demonstrated, the court of appeals properly remanded for a new trial.

{¶ 29} I would, therefore, affirm the judgment of the court of appeals.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

———————————