OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff appellant, State of Ohio, appeals from the September 23, 2003 judgment entry of the Stark County Court of Common Pleas declaring a mistrial and granting defendant appellee Nicholas Adam Pizzoferrato a new trial.
 {¶ 2} This case involves an altercation between an off-duty City of Canton Police officer and several patrons which occurred outside a local tavern.
 {¶ 3} Appellee was indicted on one count of felonious assault; knowingly causing serious physical harm to Glen A. Tucker, Sr., a peace officer, and/or aiding or abetting another in doing so, in violation of R.C. 2903.11 (A)(1).
 {¶ 4} Appellee pled not guilty and the matter proceeded to a jury trial. Appellee's first trial ended in a mistrial.
 {¶ 5} Following the completion of the second trial, the jury received instructions from the trial court. Those instructions included the following: "The defendant is charged with felonious assault. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 18th day of February, 2003, in Stark County, Ohio, Nicholas Adam Pizzoferrato, did knowingly cause serious physical harm to Glen A. Tucker, Sr., a peace officer as defined in Revised Code2935.01, and/or did aid or abet another in doing so in violation of R.C. Section 2903.11 (A)(1). * * *
 {¶ 6} "Aid: Aid means to help, assist or strengthen.
 {¶ 7} "Abet: Abet means to assist, encourage, incite, or insist."(5T. at 158, 161; Written Jury Instructions at 7, 9). The jury was further instructed if it found appellee guilty of felonious assault it would be required to make two additional findings as follows:
 {¶ 8} "Addition Finding as to Victim Being a Peace Officer:
 {¶ 9} "We, the Jury in this case, being duly impaneled and sworn, having found the defendant, Nicholas Adam Pizzoferrato, guilty of the offense of felonious assault, do further find that the victim, Glen A. Tucker, Sr. (enter "is" or" "is not") a peace officer as defined in R.C. 2935.01.
 {¶ 10} "Additional Finding as to Serious Physical Harm:
 {¶ 11} "We, the Jury in this case, being duly impaneled and sworn, having found the defendant, Nicholas Adam Pizzoferrato, guilty of the offense of felonious assault, do further find that the defendant (enter "did" or "did not") cause serious physical harm to Glen A. Tucker, Sr. as a result of the above offense."
 {¶ 12} (5T at 168-169; Written Jury Instructions at 17-18).
 {¶ 13} During the course of its deliberations, the jury requested further instructions from the trial court: "Clarify felonious assault and aid and abet." The trial court answered the question: "You have the instructions on the law before you." (5T at 175-176). Following its deliberations, the jury returned a verdict of guilty of the offense of felonious assault. As to the additional findings, the jury found the victim Glen A. Tucker, Sr. was not a police officer and that the defendant did not cause serious physical harm to Glen A. Tucker, Sr.
 {¶ 14} Upon receiving the written jury verdict, the trial court excused the jury and consulted with counsel outside of their presence. (Tr. of Verdict, September 22, 2003, at 5-6.). The court's discussion with counsel centered upon the inconsistency between the jury's finding of guilty on the charge of felonious assault and the jury's additional finding that the appellee did not cause serious physical harm to the victim. The court declined to send the jury back to clarify this inconsistency. (Id. at 18-19).
 {¶ 15} The court returned the jury to the courtroom and accepted their verdict. After excusing the jury, the court then declared a mistrial:
 {¶ 16} "[COURT] * * * Let the record reflect that the court is declaring that there is a mistrial in this matter do to the inconsistencies between the verdict form and the additional findings, specifically, in regard to the serious physical injuries.
 {¶ 17} "Therefore, this matter will be tried again in the future. If anyone wishes to place on the record an objection to the court's ruling, that is noted for the record." (Id. at 29).
 {¶ 18} The trial court further explained it reasoning for granting a mistrial in the Judgment Entry Declaring a Mistrial: "The court declared a mistrial for the reason that the finding of guilty of the charge of felonious assault was inconsistent with the additional finding the defendant did not cause serious physical harm to victim. The court is not concerned with the additional finding the victim is not a peace officer, as that finding went solely to the degree of the crime, i.e., felony of the first degree or felony of second." (Judgment Entry Declaring a Mistrial, September 23, 2003).
 {¶ 19} It is from this decision of the trial court that the State sought leave to appeal. On December 10, 2003 this court granted the State's motion for Leave to Appeal. The State timely filed its notice of appeal and raises the following two assignments of error:
 {¶ 20} "I. The trial court erred as a matter of law when it found the jury's verdict inconsistent and declared a mistrial. when a principal charge in an indictment is not dependent on an attached finding, a conviction on the principla charge coupled with an acquittal on the finding does not invalidate the principal conviction.
 {¶ 21} "II. The guilty finding of the jur is supported by the evidence and the trial court erred as a matter of law in declaring a mistrial."
 I. {¶ 22} In Rohde v. Farmer (1970), 23 Ohio St.2d 82,262 N.E.2d 685, the Ohio Supreme Court set forth the appropriate standard of reviewing a trial court's decision to grant or deny a motion for a new trial: "1. Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.
 {¶ 23} "2. Where a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law." Id. at paragraphs one and two of the syllabus.
 {¶ 24} The trial court having specified as its reason for granting a new trial the inconsistency in the jury's general verdict and its answer to the additional finding, the question on review before this court is one of law. Wagner v. RocheLaboratories (1999), 85 Ohio St.3d 457, 460, 709 N.E.2d 162,165; O'Day v. Webb (1972), 29 Ohio St.2d 215, 219,280 N.E.2d 896, 899.
 {¶ 25} R.C. 2923.03(F) states "A charge of complicity may be stated in terms of this section, or in terms of the principal offense."
 {¶ 26} "The Supreme Court of Ohio clarified Ohio's position on the issue of complicity in State v. Perryman (1976),49 Ohio St.2d 14, vacated in part on other grounds sub nom, Perryman v.Ohio (1978), 438 U.S. 911. The court unequivocally approved of the practice of charging a jury regarding aiding and abetting even if the defendant was charged in the indictment as a principal. Id. The court held that the indictment as principal performed the function of giving legal notice of the charge to the defendant. Id. Therefore, if the facts at trial reasonably supported the jury instruction on aiding and abetting, it is proper for the trial judge to give that charge. Perryman,
supra, at 27, 28." State v. Payton (April 19, 1990), 8th
Dist. Nos. 58292, 58346. In the case at bar, the indictment charged appellant in terms of the principle offense and in terms of aiding and abetting.
 {¶ 27} Generally, a criminal defendant has aided or abetted an offense if he has supported, assisted, encouraged, cooperated with, advised, or incited another person to commit the offense. See State v. Johnson (2001), 93 Ohio St.3d 240, 754 N.E.2d 796, syllabus. "`Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.'" State v. Mendoza (2000), 137 Ohio App.3d 336,342, 738 N.E.2d 822, quoting State v. Stepp (1997),117 Ohio App.3d 561, 568-569, 690 N.E.2d 1342.
 {¶ 28} Accordingly, in this factual situation, the terms merely indicate that the appellee must have knowingly directed his conduct towards the goal of serious physical harm to Glenn A. Tucker, Sr., and his conduct must have acted to assist a co-defendant's knowingly causing that serious physical harm.State v. Mendoza, supra, 137 Ohio App.3d at 344-345,738 N.E.2d 827-28.
 {¶ 29} "A determination by the jury that the appellant acted either as an aider or abettor or as an accomplice is not inconsistent with a determination that he did not inflict the [serious] physical harm himself." State v. Miller (June 27, 1996), 8th Dist. No. 69309. (Citations omitted). "[W]e note that it is consistent for a jury to find an individual guilty of the underlying aggravated murder as an accomplice, but not find that he was a principal offender or that he committed the murder with prior calculation and design." State v. Mapes (1985),19 Ohio St.3d 108, 113, 484 N.E.2d 140, 145.
 {¶ 30} In the case at bar appellant was charged as an aider and abettor. Therefore, the jury's verdict finding the appellant guilty of felonious assault is not inconsistent with the jury's finding that appellant did not cause the serious physical harm himself.
 {¶ 31} Appellant's first assignment of error is sustained.
 II. {¶ 32} In light of our disposition of the first assignment of error, we find appellant's second assignment of error to be moot.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, the jury verdict finding appellant guilty of felonious assault is reinstated and the cause is remanded to that court for sentencing.
Gwin, P.J., Hoffman, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, the jury verdict finding appellant guilty of felonious assault is reinstated and the cause is remanded to that court for sentencing. Costs to appellee.