DECISION AND JOPURNAL ENTRY
{¶ 1} Appellant, Ashley Durasin, appeals from the judgment of the Lorain County Court of Common Pleas which granted summary judgment in favor of appellee, Jakmas Plumbing Heating, Inc. This Court affirms.
 I. {¶ 2} The facts of this matter are largely undisputed. On June 10, 1994, appellant, then seven years old, was playing with other children in her neighborhood. After playing, appellant began to walk home with her twelve year old neighbor Angie. While walking home, appellant and Angie passed by appellee's fenced in yard. In the yard were appellee's three dogs, Bull, Luba, and Beavis. Angie then climbed onto a dumpster that was located next to appellee's fence and pulled appellant up onto the dumpster with her. At that time, Angie suggested that appellant enter the yard and pet appellee's dogs. Appellant refused to enter the yard.
 {¶ 3} Subsequently, Angie began to squirt mustard at the dogs. The largest of the dogs was hit in the eyes by the mustard. As a result, the dogs began to bark and growl at appellant and Angie. Angie then pushed appellant off of the dumpster, over the fence, and into appellee's yard with the dogs. The dogs then attacked and bit appellant.
 {¶ 4} Appellant chose to pursue her claim against appellee on September 26, 2003. In her complaint, appellant alleged claims sounding in strict liability, negligence, and attractive nuisance. On May 20, 2004, appellee moved for summary judgment on all counts of appellant's complaint. On July 28, 2004, the trial court granted appellee's motion, entering judgment in its favor on all counts in the complaint.[1]
Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court reversibly erred when it granted a summary judgment to [appellee] on [appellant's] cause of action under R.C. § 955.28(B) because, on that cause of action against [appellee], the evidence presented genuine issues of material fact for a jury's resolution."
 {¶ 5} In her sole assignment of error, appellant avers that the trial court erred in granting summary judgment in favor of appellee. Specifically, appellant argues that whether or not she was a trespasser at the time of the attack is a question of fact that a jury must decide. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} In support of its motion for summary judgment, appellee utilized the depositions of appellant, appellant's mother, and the owner of the dogs. Appellee essentially admitted to the facts alleged and argued before the trial court that appellant could not recover under R.C. 955.28
under the given facts. In response, appellant also focused on the application of R.C 955.28. Appellant asserted that under the alleged facts surrounding the dog bite, a question of fact remained regarding whether appellant was trespassing. In essence, appellant argued that due to the fact that appellant had not committed a volitional act to end up in appellee's yard, she was not a trespasser. The trial court found that no genuine issue of material fact remained under the given facts and awarded judgment in favor of appellee.
 {¶ 10} R.C. 955.28(B) provides as follows: "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."
Accordingly, R.C. 955.28 "establishes liability without regard to fault or the dog owner's negligence." Allstate Ins. Co. v. U.S. Assoc. Realty,Inc. (1983), 11 Ohio App.3d 242, 246. Therefore, appellee would be liable for appellant's injuries "unless one of the specifically enumerated statutory defenses is proven." Pulley v. Malek (1986),25 Ohio St.3d 95, 96.
Teasing Tormenting
 {¶ 11} Appellee has argued to this Court that he cannot be found liable because his dogs were teased and tormented before they attacked appellant. This Court disagrees.
 {¶ 12} By its plain language, R.C. 955.28(B) only provides a teasing and tormenting exception if the individual who is attacked was the tormentor by providing that the injury must be "caused to the person * * * who, at the time, * * * was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property." While the intent of R.C.955.28 is certainly to provide exceptions to a dog owner's liability, any shortcoming in the statute is best addressed by the legislature. As such, appellee cannot avail itself of the teasing and tormenting exception because appellant herself was not teasing or tormenting the dogs.
Trespass
 {¶ 13} The issue of whether the trespass defense in R.C. 955.28
encompasses both criminal and civil trespass has not been previously addressed by this Court. However, when confronted with this issue, the Fifth District explained as follows:
"Appellant argues that the 1987 amendment to the statute eliminates civil trespass as an exception to the strict liability imposed by the statute. She contends that only criminal trespass is a valid defense to strict liability. We disagree. The language of the statute as amended expands the exceptions to strict liability; it does not reduce them. Accordingly, the amendment to the statute was not intended to remove civil trespass as an exception to the strict liability imposed by the statute, and both criminal and civil trespass are valid defenses."Buttermore v. Thompson (June 22, 1992), 5th Dist. No. CA8754.
Since Buttermore, each district which has addressed the issue has agreed and found civil trespass to be a viable defense under R.C. 955.28. See Burden v. Dunlap (June 8, 1994), 3rd Dist. No. 1-94-14; Padgett v.Sneed (July 19, 1995), 1st Dist. No. C-940145; Prather v. Whitaker (Mar. 31, 2000), 2nd Dist. No. 17972. This Court agrees as well.
 {¶ 14} In its decision, the Fifth District noted that prior to its amendment, R.C. 955.28 read as follows:
"The owner or keeper shall be liable for any damage or injuries caused by a dog unless such damage or injury was to the body or property of a person who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner's property." SeeButtermore, supra.
As such, when amending R.C. 955.28, the legislature expanded the exception to liability by providing that a person committing an "other criminal offense" would also be unable to recover against the dog owner. If the legislature intended that only criminal trespass served as a defense, then logically the statute would simply read that liability does not flow if the injured party was committing any criminal act on the property of the dog owner. Instead, the legislature left trespass as a distinct class within the exception. Accordingly, this Court finds that civil trespass is a valid defense under R.C. 955.28.
 {¶ 15} Appellant has argued that because she did not willingly enter appellee's property and was actually thrust onto his property by another, that she cannot be classified as a trespasser. However, the Ohio Supreme Court has found that in determining whether a person is a trespasser, "the question whether * * * entry has been intentional, negligent or purely accidental is not material, except as it may bear on the existence of a privilege. Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 316. In Gladon, the plaintiff was attacked on a RTA platform and ended up on the train tracks where he was struck by an oncoming train. The Court there found that "[e]ven though his entry may have been unintentional and against Gladon's wishes, once on the tracks, Gladon exceeded the scope of his invitation and lost his status as an invitee." Id. at 317. In so holding, the Court adopted the reasoning of the Restatement of Torts, finding that "so far as the liability of the possessor of the land to the intruder is concerned, however, the possessor's duty, and liability, will be the same regardless of the manner of entry, so long as the entry itself is not privileged. Id. at 316, quoting 2 Restatement of the Law 2d, Torts (1965), 171-172.
 {¶ 16} In the instant matter, there is no question that appellant's entry was unintentional and against her wishes. However, there is also no question that appellee was on the property without the owner's consent and that she had no privilege to be on the property. Accordingly, under the rationale set forth in Gladon, appellant was a trespasser. Therefore, the trial court properly entered summary judgment in appellee's favor on the basis that the trespasser exception contained in R.C. 955.28 applied.
 {¶ 17} While this result may seem harsh, it is compelled by precedent and the plain language of R.C. 955.28. Further, such a result fulfills the intent of R.C. 955.28. Appellee in the instant matter took precautions to ensure that its dogs were not a danger to the public. A fence was erected around the property and testimony of the dog owner indicated that the dogs were not trained to attack intruders. Further, the depositions in this matter indicate that the dogs were not a threat until provoked by Angie. As such, appellant's remedy seemingly lies in suit against Angie. Accordingly, appellant's sole assignment of error is overruled.
 III. {¶ 18} Appellant's sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Whitmore, P.J. Batchelder, J. Concur
[1] Appellant has not appealed her claims regarding negligence or attractive nuisance.