[Cite as *State v. Anderson*, 2021-Ohio-22.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1110

    Appellee                                   Trial Court No. CR0201801190

v.

Gregory D. Anderson                          **DECISION AND JUDGMENT**

    Appellant                                  Decided:  January 8, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Gregory Anderson, appealed from the April 25, 2018 judgment of

the Lucas County Court of Common Pleas convicting him of attempted rape, a violation

of R.C. 2923.02 and 2907.02(A)(1)(c) and (B) (following acceptance of his guilty plea

entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d

162 (1970) and sentencing him.  He asserted a single assignment of error on direct

appeal asserting the trial court erred by accepting his guilty plea because it was not knowingly made.

{¶ 2} On appeal, appellant argued the trial court had not substantially complied with Crim.R. 11 because the court had not notified appellant of all of the punitive consequences of entering a guilty plea. More specifically, appellant argues the trial court did not inform him of what he considered to be the two major penalty requirements related to his Tier III sex-offender classification: the ban against living within 1,000 feet of a school, preschool, or child daycare, R.C. 2950.034(A), and the registration reporting requirements of R.C. 2950.041(2)(c) and (d) (that he would have to register in a county where he was employed permanently or temporarily).

{¶ 3} We found the court's notice that appellant would have to register certain information, without discussing the specifics, was sufficient to give appellant notice of the registration requirements. *State v. Anderson*, 6th Dist. Lucas No. L-18-1110, 2019-Ohio-1915, *2. However, we agreed with appellant that the court completely failed to notify appellant of the residential restrictions, including the prohibition from residing within 1,000 feet of a school, preschool, or child daycare and the community notification requirements of R.C. 2950.11. *Id*. Therefore, we found the plea was constitutionally invalid and vacated his sentence. *Id*. We also certified the record to the Ohio Supreme Court for final review and determination because our holding, which follows the precedent of our court, is in direct conflict with the judgment pronounced by *State v. Hagan*, 12th Dist. Butler No. CA2018-07-136, 2019-Ohio-1047, ¶ 29-30. *Anderson*.

2.

{¶ 4} Appellee filed its notice of certified conflict with the Ohio Supreme Court on June 13, 2019. The Supreme Court determined that a conflict existed and accepted the case on August 21, 2019. While the case was pending in the Supreme Court, the trial court [subsequently on remand] permitted appellant to enter a new guilty plea, and sentenced appellant on August 26, 2019. The trial court then issued a nunc pro tunc decision relating to the August 26 decision on September 11, 2019. However, because the matter was pending in the Supreme Court, the "trial court had no jurisdiction to act on remand order from the court of appeals while appeal was pending in ** * [the Ohio Supreme] court." *State ex rel. Dobson v. Handwork*, 151 Ohio St.3d 442, 2020-Ohio-1069, 151 N.E.3d 442, ¶ 17, citing *State v. Bishop,* 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 7766, ¶ 24 (DeWine, J. concurring in judgment only). Accordingly, the August 26 and September 11 judgments of the trial court entered while this case was pending before the Supreme Court are void. *Handwork* at ¶ 17.

{¶ 5} On May 26, 2020, the Ohio Supreme Court reversed our decision and remanded the case to this court for application of *State v. Dangler*, Slip Opinion No. 2017-1703, 2020-Ohio-2765. *State v. Anderson*, 160 Ohio St.3d 171, 2020-Ohio-3025, 154 N.E.3d 84. In the *Dangler* case, the Ohio Supreme Court addressed the issue of whether the trial court must specifically recite each registration requirement for a Tier III sex-offender classification. The Ohio Supreme Court held that notification that the defendant "would be subject to the registration requirements of the statutory scheme" for such classification was sufficient to constitute partial compliance with Crim.R. 11 and requires that appellant must demonstrate he was prejudiced by the failure to comply with

3.

the non-constitutional requirement of Crim.R. 11(C)(2)(a) to explain the maximum penalty. *Id*. at ¶ 22.

{¶ 6} Because appellant did not fully address the issue of whether he was prejudiced by the trial court's partial compliance with Crim.R. 11, we gave him an opportunity to supplement his brief to address this issue. However, appellant did not file a supplemental brief.

{¶ 7} To establish prejudice, we must determine "whether the plea would have otherwise been made." *Dangler* at ¶ 16. Furthermore, prejudice must be established "on the face of the record." *Id*. at ¶ 24, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999).

{¶ 8} In his original brief, appellant argued the residence restriction would significantly impact his ability to choose a place of residence. He implies that he would not have entered the plea if he had known of this restriction. We find, however, that the record reflects otherwise.

{¶ 9} On the morning of trial, the trial court warned appellant that if the state proved the rape, appellant would receive a long sentence. The plea agreement provided for appellant to enter a guilty plea to a reduced charge of attempted rape. Furthermore, the plea agreement notified appellant that the reduced charge of attempted rape carries a prison term of two-to-eight years and a maximum fine of $15,000, but the parties had agreed to a jointly-recommended sentence of three years. In light of the significant reduction in sentence by entering the plea to the reduced charge and a jointly-recommended sentence, we find there is nothing in the record to support appellant's

4.

claim that he would not have entered his plea if he had known of the residency restrictions and community notification requirements of the Tier III sex-offender classification. Because appellant has not established prejudice, he is not entitled to have his plea vacated. Therefore, we find his sole assignment of error not well-taken.

{¶ 10} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the April 25, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
JUDGE

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.