[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 121.]

CEFARATTI ET AL., APPELLANTS, *v.* MASON STRUCTURAL STEEL COMPANY,

INC. ET AL.; PANZICA CONSTRUCTION COMPANY, APPELLEE.

[Cite as *Cefaratti v. Mason Structural Steel Co., Inc.*, 1998-Ohio-279.]

*Torts—Negligence—Independent contractor—Determining whether general contractor by virtue of its supervisory capacity over work site owes a duty of care to employees of subcontractor.*

(No. 97-1431—Submitted April 21, 1998—Decided June 17, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 70971.

————————

*Seaman & Associates Co., L.P.A.,* and *Michael J. Skindell,* for appellants.

*Meyers, Hentemann & Rea Co., L.P.A., Henry A. Hentemann* and *J. Michael Creagan*, for appellee.

————————

{¶ 1} The judgment of the court of appeals is reversed, and the cause is remanded to the trial court for consideration of *Sopkovich v. Ohio Edison Co.* (1998), 81 Ohio St.3d 628, 693 N.E.2d 233.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————

**COOK, J., dissenting.**

{¶ 2} I respectfully dissent from the judgment to reverse this case on the basis of this court's decision in *Sopkovich v. Ohio Edison Co.* (1998), 81 Ohio St.3d 628, 693 N.E.2d 233. Even under the law of *Sopkovich*, the decision of the court of appeals in this case should be affirmed. The trial court properly granted summary judgment because Cefaratti's evidence failed to show that his fall from an unguarded second floor landing (a regularly encountered hazard at construction

sites) amounted to the retention and exercise of control over a critical aspect of Cefaratti's working environment by Panzica Construction Co. Unlike the *Sopkovich* case, here there was no evidence offered of Panzica actively participating in readying the work area for Cefaratti. In *Sopkovich*, the court appeared to depart from the teachings of *Cafferkey v. Turner Constr. Co.* (1986), 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189, and its progeny based on Ohio Edison's exclusive control of the factor in the work environment that caused the injury; only Ohio Edison could de-energize the area where the independent contractor's employee was painting. In the absence of a like factor to distinguish this case from *Bond v. Howard Corp.* (1995), 72 Ohio St.3d 332, 650 N.E.2d 416, and *Michaels v. Ford Motor Co.* (1995), 72 Ohio St.3d 475, 650 N.E.2d 1352, we should affirm.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent and would dismiss this case as having been improvidently allowed. The facts in this case are very dissimilar to *Sopkovich v. Ohio Edison Co.* (1998), 81 Ohio St.3d 628, 693 N.E.2d 233. In this case, the employee was well aware that a stairwell railing had been removed to facilitate the pouring of concrete. The absence of the rail was open and obvious. The subcontractor chose to move forward with work that day instead of waiting for the concrete to be poured and the rail to be reinstalled. The employee brought his own tools up to the landing. He testified that he must have reached down or stumbled when reaching for his tools and fell off the landing. There is no evidence that a railing would have prevented his fall.

{¶ 4} Unlike *Sopkovich*, there is no issue of direction or control by the owner. In fact, *Bond v. Howard Corp.* (1995), 72 Ohio St.3d 332, 650 N.E.2d 416, and *Michaels v. Ford Motor Co.* (1995), 72 Ohio St.3d 475, 650 N.E.2d 1352, are

directly on point. In *Bond*, the general contractor hired an independent subcontractor who employed Bond. Bond was working at the construction site when he fell through an unguarded opening on the second floor. Bond was aware that the opening existed and that it was unguarded. The general contractor did not supervise or participate in the actual construction of the wall. See *Bond,* 72 Ohio St.3d at 332, 650 N.E.2d at 417.

{¶ 5} We held that "[f]or purposes of establishing liability to the injured employee of an independent subcontractor, 'actively participated' means that the general contractor directed the activity which resulted in the injury and/or gave or denied permission for the critical acts that led to the employee's injury, rather than merely exercising a general supervisory role over the project. (*Cafferkey v. Turner Constr. Co.* [1986], 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189, construed and applied.)" *Bond* at syllabus. Further, we held that retention of the authority to monitor and coordinate activities does not constitute "active participation." *Id.* at 336-337, 650 N.E.2d at 420.

{¶ 6} Similarly, in *Michaels v. Ford Motor Co.*, an employee of a subcontractor on a construction site died after he sustained injuries from falling through a hole that the general contractor's employees had cut in the second floor. We considered whether an owner of a construction site, by virtue of directing a general contractor to perform a task required by contract specifications, owes a duty of care under R.C. 4101.11 and 4101.12 to an employee of a subcontractor who is subsequently injured as a result of the general contractor's failure to keep the area where it performed the task in a safe condition. *Michaels* at 477, 650 N.E.2d at 1354.

{¶ 7} We determined that the owner of the construction site, Ford, neither directed the general contractor as to the manner in which he should safeguard the floor opening nor gave or denied permission with regard to the way in which the hole was covered. Further, Ford retained no custody or control over the area where

the general contractor cut the hole through which the employee subsequently fell. As a matter of law, we found that Ford owed no duty of care to the employee under the frequenter statutes. *Id.* at 479-480, 650 N.E.2d at 1355-1356.

{¶ 8} Construction work is inherently fraught with danger. Subcontractors come and go, creating unavoidable hazards as part of their work. *Bond* and *Michaels* recognize this perilous environment. There is no evidence of direction, control, or active participation in this case with regard to the site or the employee. *Sopkovich* adds nothing to this case for the trial court to consider. Therefore, I would dismiss this case as having been improvidently allowed or affirm the judgment of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————