ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This is the second time this case has been before this court. In the first appeal, this court held the property owner owed no duty to appellant Eliseo Cefaratti. Cefaratti et al. v. MasonStructural Steel Company, Inc., et al. (May 22, 1997), Cuyahoga App. No. 70971, unreported. The Ohio Supreme Court reversed that decision and returned the matter to the trial court to re-thinkCefaratti in light of its decision in Sopkovich v. Ohio EdisonCo. (1998), 81 Ohio St.3d 628. The trial court again granted summary judgment in favor of appellee Mason Structural Steel Co.
We now review in this accelerated appeal appellant's sole assigned error that the trial court erred in granting appellee's summary judgment in view of Sopkovich. We agree and note that in an accelerated appeal, App.R. 11.1 allows for our decision to be in brief, conclusory form. Consequently, this opinion will not contain a "comprehensive exposition of our reasons" for reversing the trial court's decision. See Crawford v. Eastland Shopping MallAssoc. (1983), 11 Ohio App.3d 158. Cefaratti assigns the following error for our review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT SINCE THERE EXIST GENUINE ISSUES OF MATERIAL FACT UNDER SOPKOVICH V. OHIO EDISON CO. AND OTHER EXISTING CASE LAW.
Having reviewed the record and the legal arguments of the parties, we reverse the decision of the trial court. The apposite facts follow.
Employee Cefaratti of independent subcontractor American Piping fell from a stairwell while installing pipes at appellee' s building construction site. Prior to the fall, appellee had a guard rail on the stairwell, which evidenced an appreciation for the danger. However, appellee removed the rail without warning the workers to avoid the area. Appellee's removal of the rail "interfered with appellant's work by creating a condition that required him either to cease work altogether or to work in an unsafe area." Cefaratti v. Mason Structural Steel Co. (May 22, 1997), Cuyahoga App. No. 70971, unreported (Karpinski, J., dissenting.)
In light of the Ohio Supreme Court's remand of Cefaratti, the issue for us in this accelerated appeal is whether appellee retained control over a critical variable in the workplace and, therefore, is liable for the injuries sustained by appellant.
In Sopkovich v. Ohio Edison Co., the Supreme Court of Ohio refined the law on the liability of general contractors in Ohio. In Sopkovich, the court held that a general contractor can be held liable to the independent contractor's employees if: (1) the general contractor exercises control over the work activities; or (2) the general contractor retains control over a critical variable in the workplace. Id. at 643.
In the instant case, appellant asserts that appellee, as the general contractor, retains and exercises exclusive control over a critical variable in the working environment, i.e., the metal staircase frame without temporary safety railing. Appellant notes that temporary safety railing is required by OSHA, the Ohio Administrative Code, and the industry custom. However, appellant alleges that appellee removed the temporary safety railing, and appellant's accident occurred before appellee installed the permanent railings.
We find that, notwithstanding the fact that appellee did not actively participate in the specific job activities of appellant, there is still a genuine issue of material fact as to whether appellee is responsible for the absence of guard railing and whether the absence of guard railing constituted a critical variable in the workplace. Appellant has presented evidence, sufficient to defeat a motion for summary judgment, that appellee retained control over the staircase (without railing) and that this was a critical variable in the workplace. Thus, pursuant toSopkovich, summary judgment was improper.
Consequently, these facts are not controlled by the work activities cases of Cafferkey v. Turner Constr. Co. (1986),21 Ohio St.3d 110; Wellman v. East Ohio Gas Co.
(1953), 160 Ohio St. 103; and Bond v. HowardCorp. (1995), 72 Ohio St.3d 332; but is a work environment case in line with Sopkovich and Hirschbach v.Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206. This case is a work environment case, which means the appellee controlled the danger not the employee.
Accordingly, appellant's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with — this opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., CONCURS; TERRENCE O'DONNELL, P.J., DISSENTS.(WITHOUT ATTACHED DISSENTING OPINION)
 ___________________________________ PATRICIA ANN BLACKMON JUDGE