JOURNAL ENTRY and OPINION
In this consolidated appeal, appellant Frank Novak Sons (Frank Novak) appeals the trial court's denial of its directed verdict motion in a negligence action filed by appellee Larry Strother against both subcontractor Frank Novak and general contractor Standard Construction Company (Standard). Strother sought to recover for injuries sustained when he fell from a six foot scaffold while painting a one hundred thirty eight-year-old building under renovation by Standard. The trial court granted Standard's motion for summary judgment. The case proceeded to trial against Frank Novak. Frank Novak's motion for a directed verdict was denied by the trial court and the jury returned a comparative negligence verdict finding Frank Novak fifty percent liable and Strother fifty percent liable.
Frank Novak assigns the following error for our review in its appeal No. 76306:
 THE TRIAL COURT ERRED IN FAILING TO DIRECT A VERDICT PURSUANT TO RULE 50 OF THE OHIO RULES OF CIVIL PROCEDURE IN FAVOR OF DEFENDANT, FRANK NOVAK SONS.
In appeal No. 76385, Strother assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT TO DEFENDANT STANDARD CONSTRUCTION CO. BECAUSE THERE WAS SUFFICIENT EVIDENCE THAT STANDARD DID RETAIN CONTROL OVER A CRITICAL ASPECT OF THE WORK SITE.
 II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR JUDGMENT N.O.V. BECAUSE THE ONLY EVIDENCE ON COMPARATIVE NEGLIGENCE WAS HABIT PURSUANT TO EVIDENCE RULE 406, AND THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH HABIT.
Having reviewed the record and the legal arguments of the parties, we reverse the trial court's denial of Frank Novak's Civ.R. 50 directed verdict motion on the grounds that as a matter of law Strother failed to show that Frank Novak as subcontractor directed the activity which resulted in the injury and/or gave or denied permission for the critical acts that led to Strother's injury. Here, Strother showed that Greg Pawlowski, HC Painting's foreman, directed him to the fourth floor and assumed control over his work activity, not Frank Novak. For these same reasons, we affirm the trial court's granting of summary judgment for Standard who had merely a general supervisory role over the painting project and who regularly scheduled the work to be performed in an area thought to be safe. The apposite facts follow.
Strother fell from a six foot scaffold while painting sprinkler lines on the fourth floor of a one hundred thirty eight-year-old building under renovation by Standard. Standard successfully bid for the project and hired subcontractor Frank Novak to paint the building. In turn, Novak contracted with minority-owned HC Painting to handle the preliminary painting and stripping work.
The facts showed Frank Novak needed a minority firm in order to qualify for the bid. Frank Novak employed Strother and other workers in its company and loaned them to HC Painting. Strother testified this practice had occurred on prior jobs. For purposes of this appeal, these facts are superfluous. The trial court found and we agree that for purposes of this action, Strother worked for independent contractor HC Painting.
The uncontroverted fact is that the building was in disrepair and contained numerous defects, soft spots, and unleveled areas in the floor. Standard's project manager, James Donelan, and Frank Novak's representative agreed that before any work was to be performed, a two to four inch concrete topping would be applied over the building's deteriorated wood floors. Frank Novak agreed to provide all of the materials and in fact provided the scaffold used by Strother on the day Strother fell. Standard did lay the concrete floor as promised in some areas. On the date in question, Strother was actually painting in an area with a concrete floor when he was ordered by Pawlowski, HC Painting's foreman, to paint the fourth floor area that had not been covered with concrete. Strother protested, but to no avail.
During the trial against Frank Novak, Strother presented evidence that his fall was due to the failure of a soft spot in the floor. Novak presented testimony from several other workers on the project who said they saw Strother move the scaffold by holding onto the sprinkler pipe and dragging the scaffold a practice they described as dangerous, although common. Novak argued that this improper movement of the scaffold is what caused Strother's fall. Strother maintained that he always locked the wheels of the scaffold before climbing onto it and that he did not drag the scaffold while standing on it, but climbed down from the scaffold and unlocked its wheels before moving it.
At the end of Strother's case in chief and again at the end of all the evidence, Frank Novak moved for a directed verdict. Each time, the motion was denied. The jury awarded Strother $135,000 in damages and found, via interrogatories, that Strother and Frank Novak were each fifty percent negligent. Strother filed a motion for judgment notwithstanding the verdict (JNOV) alleging that there was no evidence that he dragged the scaffold at the moment of the accident and that Frank Novak's claim that he had a habit of dragging the scaffold did not support a finding that he dragged the scaffolding at the time of the accident. The motion for a JNOV was denied. These appeals followed.
At the outset, we must acknowledge the convoluted working relationship of these parties. It is undisputed that Strother worked for Frank Novak and considered Frank Novak his employer. However, to obtain this job, Frank Novak hired a minority firm, HC Painting, so as to meet the city's minority set aside standards. Frank Novak then loaned Strother and Greg Pawlowski to HC Painting. If we were to conclude that Strother worked for Frank Novak and that these relationships were a sham, the issues in this case would not center on ordinary negligence independent contractor issues but on intentional employer tort issues. We decline to view the facts of this case under the intentional tort law area and resolve this case under the rules set forth in Sopkovich v. Ohio Edison Co. (1988), 81 Ohio St.3d 628, 693 N.E.2d 233; Hirschbach v. Cincinnati Gas Electric Co. (1983), 6 Ohio St.3d 206,452 N.E.2d 326; Cafferkey v. Turner Constr. Co. (1986), 21 Ohio St.3d 110,488 N.E.2d 189; Bond v. Howard Corp. (1995), 72 Ohio St.3d 332,650 N.E.2d 416. In those cases, the supreme court held that the traditional ordinary negligence principles of business invitee rules apply when an independent contractor is employed by an owner or a general contractor and is injured on the job. See Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103, 113 N.E.2d 629, citing Bosjnak v. Superior (1945), 145 Ohio St. 538, 62 N.E.2d 305.
In Hirschbach, the supreme court held one who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor. Hirschbach, 6 Ohio St.3d 206, 452 N.E.2d 326, at syllabus. In light of this principle, we conclude that this line of cases would also apply to an independent subcontractor who employs another independent contractor, which is the situation herein. See Ceferatti v. Mason (1998), 82 Ohio St.3d 121, 694 N.E.2d 915. Ceferatti was remanded to the trial court for consideration of those facts in light of Sopkovich in Ceferatti v. Mason (Nov. 24, 1999), Cuyahoga App. No. 76100, unreported.
In its assignment of error, Frank Novak challenges the trial court's denial of its motion for directed verdict. When reviewing a trial court's ruling on a motion for directed verdict, the reviewing court must construe the evidence most strongly in favor of the nonmovant and determine whether upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. Wagner v. Midwestern Indem. Co. (1999), 83 Ohio St.3d 287, 294,699 N.E.2d 507, 513. A motion for a directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury. Id. citing Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119, 671 N.E.2d 252, 255, reversed on other grounds (1999), 85 Ohio St.3d 457, 709 N.E.2d 162; Ruta v. Breckenridge-Remy Co.(1982), 69 Ohio St.2d 66, 68, 430 N.E.2d 935,938. In deciding the motion, the trial court must not weigh the evidence or determine the credibility of witnesses. Id. See, also, Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284,423 N.E.2d 467, 469. The motion for directed verdict must be denied if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions. Cater v. City of Cleveland (1998),83 Ohio St.3d 24, 33; 697 N.E.2d 610, 618, citing Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 115, 363 N.E.2d 367, 368. See, also Apel v. Katz (1998), 83 Ohio St.3d 11, 19, 697 N.E.2d 600, 607, reconsideration denied (1998), 83 Ohio St.3d 1452, 700 N.E.2d 334; Abbott v. Jarrett Reclamation Serv., Inc. (1999), 132 Ohio App.3d 729,738, 726 N.E.2d 511, 517, reconsideration denied (1999),87 Ohio St.3d 1409, 716 N.E.2d 1170.
In order to hold Frank Novak liable for his injuries, Strother had to show that Frank Novak actively participated in Strother's work or explicitly assumed responsibility for his safety. Michaels v. Ford Motor Co. (1995), 72 Ohio St.3d 475, 478, 650 N.E.2d 1352,1355. One who either directs or exercises control over the work activities of the independent contractor's employees, or who retains or exercises control over a critical variable in the workplace, may be held to have actively participated in the work, thereby giving rise to a duty of care. Sopkovich,81 Ohio St.3d at 642-643, 693 N.E.2d at 243. Here, the only evidence linking Frank Novak to the construction site was in a supervisory capacity. Merely supervising the employees' activity does not constitute active participation. See Bond, 72 Ohio St.3d at 336-337,650 N.E.2d at 419, citing Cafferkey, 21 Ohio St.3d at 113,488 N.E.2d at 192. A general contractor's supervision of a construction job is a natural part of the construction business. Michaels,72 Ohio St.3d at 479, 650 N.E.2d at 1356, citing Bond,72 Ohio St.3d at 339, 650 N.E.2d at 422. Active participation connotes a general contractor's direction of the activity which resulted in the injury and/or the giving or denial of permission for the acts that resulted in the injury. Bond, at syllabus. Pifher v. Ford Motor Co. (Aug. 10, 1994), Lorain App. No. 93CA005581, unreported, jurisdictional motion overruled (1995), 71 Ohio St.3d 1447,644 N.E.2d 409; Betzner v. Navistar Internatl. Transp. Corp. (1991),77 Ohio App.3d 611, 617, 603 N.E.2d 256, 260-261, citing Cafferkey,21 Ohio St.3d at 112, 488 N.E.2d at 191.
During oral argument, Strother argued that Frank Novak was his boss and Pawlowski was in fact the foreman for Frank Novak who ordered him to work in the dangerous area. If this is the case, then the intentional tort doctrine of Fyffe v. Jeno's Inc. (1991),59 Ohio St.3d 115, 570 N.E.2d 1108 would apply to Strother's claim and Strother has failed to meet the essential prongs required in Fyffe.
For purposes of this appeal, Strother also argues that Frank Novak controlled the work environment because it failed to provide a second person to assist Strother and Frank Novak's foreman Alan Pinchot controlled the work environment. However, this record does not contain any evidence that Alan Pinchot told Greg Pawlowski to order Strother to paint the fourth floor.
Under both the work environment and the critical act variables, Strother has to show more than mere supervision in order for the Hirschbach-Sopkovich work participation doctrine to apply. Consequently, we sustain Frank Novak's assigned error and moot Strother's second assigned error, which brings us to Strother's assigned error involving Standard. We also conclude it lacks merit.
In these worksite injury cases involving independent contractors, the issue is who controls the danger or who controls the safety procedures at the project. See Ceferatti v. Mason (Nov. 24, 1999), Cuyahoga App. No. 76100, unreported; Cafferkey; Sopkovich.Here, Strother showed only that Standard supervised the project. Mere supervision is insufficient as a matter of law to constitute active participation. See Bond,72 Ohio St.3d at 336-337, 650 N.E.2d at 419.
Besides, the evidence in the record showed Standard agreed to apply the layers of concrete over the wooden floors because of their deteriorated condition. On the date in question, Strother was working on a concrete floor when Pawlowski moved him to the fourth floor area which contained the uncovered, deteriorated wood floor. That order was issued by HC Painting's foreman, Greg Pawlowski, not by Standard. Accordingly, the trial court properly granted summary judgment in favor of Standard Construction.
We hereby reverse the trial court's denial of Frank Novak's Civ.R. 50 directed verdict motion and enter a judgment in favor of Frank Novak. The order of summary judgment in favor of Standard Construction is hereby affirmed.
It is ordered that appellees and appellants share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ PATRICIA ANN BLACKMON, J.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.