# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 106262, 106263,
106264, and 106268**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENSHAWN CUMMINGS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-607464-B, CR-16-608613-A,
CR-16-610231-A, and CR-17-617167-A

**BEFORE:** Boyle, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** September 27, 2018

[Cite as *State v. Cummings*, 2018-Ohio-3994.]
**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Andrea N. Isabella
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Kenshawn Cummings, appeals the voluntariness of his guilty pleas.[1] He raises one assignment of error for our review:

> The trial court failed to ascertain that appellant voluntarily entered into his plea agreements by failing to determine (after asking the question) whether anyone had threatened or promised anything (other than what was set forth in the record) that [would] cause appellant to change his plea.

{¶2} Finding no merit to his assignment of error, we affirm.

## I. Procedural History and Factual Background

{¶3} A Cuyahoga County Grand Jury indicted Cummings in the following cases for the following charges:

> Cuyahoga C.P. No. CR-16-607464-B: one count of aggravated menacing, one count of drug possession, one count of falsification, and one count of illegal conveyance into detention facility;[2]
>
> Cuyahoga C.P. No. CR-16-607962-A: one count of aggravated robbery, one count of robbery, one count of felonious assault, and one count of petty theft;
>
> Cuyahoga C.P. No. CR-16-608613-A: one count of burglary and one count of criminal damaging;
>
> Cuyahoga C.P. No. CR-16-608614-A: one count of attempted murder, two counts of felonious assault, two counts of aggravated robbery, one count of kidnapping, one count of discharging a firearm on or near prohibited premises, and two counts of having weapons while under disability;

---

[1] This appeal is a companion case to the appeal in *State v. Cummings*, 8th Dist. Cuyahoga Nos. 106261 and 106265.

[2] Cummings was indicted alongside codefendant Brandon E. Cleveland.

Cuyahoga C.P. No. CR-16-610231-A: one count of burglary and one count of aggravated theft;

Cuyahoga C.P. No. CR-17-617167-A: two counts of burglary, one count of breaking and entering, and one count of aggravated theft.

{¶4} In March 2017, the trial court granted the state's request to join Case Nos. CR-16-608614-A and CR-16-607962-A, and those cases proceeded to a jury trial. In March 2017, a jury found Cummings guilty of two counts of felonious assault with firearm specifications, two counts of aggravated robbery with firearm specifications, kidnapping with firearm specifications, discharging a firearm on or near prohibited premises with firearm specification, and having a weapon while under disability in Case No. CR-16-608614-A. As to Case No. CR-16-607962-A, the jury found Cummings guilty of aggravated robbery, robbery, felonious assault, and petty theft. Based on Cummings's remaining cases, the trial court did not sentence him for those convictions until August 2017.

{¶5} In August 2017, Cummings agreed to a "packaged" plea agreement for his remaining cases, under which the following occurred:

Case No. CR-16-607464-B: Pleaded guilty to drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A); and falsification, a first-degree misdemeanor, in violation of R.C. 2921.13(A)(3). He also agreed to forfeit $417 and three cell phones. The state nolled the remaining counts.

Case No. CR-17-617167-A: Pleaded guilty to burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3). The state nolled the remaining counts.

Case No. CR-16-608613-A: Pleaded guilty to an amended count of burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3). The state nolled the remaining count.

Case No. CR-16-610231-A: Pleaded guilty to an amended count of burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3). The state nolled the remaining count.

{¶6} When explaining the proposed plea agreement, the state described the penalties for third-degree and fifth-degree felonies and first-degree misdemeanors. The state said, "No promises, threats, or representations have been made in order to induce said plea[.]"

{¶7} The trial court then asked if Cummings understood the terms of the plea agreement (which Cummings said he did), inquired as to his level of education and reading and writing skills (to which Cummings replied that he had problems with reading and writing, but that his "lawyer broke everything down to [his] understanding"), asked whether he was under the influence of drugs or alcohol (which Cummings said he was not), explained the consequences of Cummings currently being on probation while committing these offenses, and explained the constitutional rights that Cummings was waiving. When asked, Cummings stated that he was satisfied with his representation and understood the offenses to which he was pleading as well as the punishment for those offenses.

{¶8} The following exchange then occurred:

COURT: Has anyone threatened you or promised you anything to force you to change your plea, other than what I've talked to your attorney about and [the prosecutor], that

> if you agree to accept responsibility in these cases, that I would run the terms, any terms in these cases concurrent with any time that would be imposed for the trial cases, 608614 and 607962. Is that your understanding?

[DEFENSE COUNSEL]: Your Honor, just maybe for clarification purposes, I've indicated to him that we had an in-chambers conversation with the prosecutor present, that any imposition of prison on the plea cases, meaning the three F3 burglaries, the F5 drug possession, and the falsification M1, that the court indicated to the parties that he would get a concurrent sentence on those four cases and that that sentence would be concurrent to his two trial cases, irrespective of what the sentence was on the trial cases. That's what I've explained to him, and he wants to make sure that he's clear on that.

{¶9} The court, state, and defense counsel then engaged in a lengthy discussion about whether Cummings's sentences for the charges under his plea deal would run concurrent to one another as well as to the sentences from his trial. Ultimately, the parties agreed, and the court stated that the sentences for the charges under the plea agreement would run concurrent to each other and to the sentences imposed in the other two cases for which Cummings went to trial. The court then asked Cummings whether he understood "that there's no promise of any particular sentence in this matter; the court could proceed with judgment, I could sentence you immediately after I accept your plea[,]" to which Cummings responded that he understood.

{¶10} Cummings then pleaded guilty to the charges under the plea agreement. The court found that Cummings "knowingly and voluntarily, with a full understanding of

his rights entered [into the] guilty pleas." The court asked the state and defense counsel whether he complied with Crim.R. 11, to which they both answered yes.

{¶11} On August 30, 2017, the court sentenced Cummings as follows:

Case No. CR-15-595919-B (probation violation): 12 months for vandalism and 6 months for tampering with a coin operated machine to run concurrent to one another.

Case No. CR-16-607464-B: 12 months for drug possession and 6 months for falsification to run concurrent to one another.

Case No. CR-16-607962-A: 11 years total — 11 years for aggravated robbery, 8 years for felonious assault, and 6 months for petty theft to run consecutive to his sentence in Case No. CR-16-608614-A.

Case No. CR-16-608613-A: 36 months for burglary.

Case No. CR-16-608614-A: 14 years total — 8 years for felonious assault and a 3-year consecutive firearm specification; 11 years for aggravated robbery and a 3-year consecutive firearm specification; 36 months for discharging a firearm at or near prohibited premises; and 36 months for heaving a weapon while under disability, all of which were to run concurrent to one another, but consecutive to his sentence in Case No. CR-16-607962-A.

Case No. CR-16-610231-A: 36 months for burglary.

Case No. CR-17-617167-A: 36 months for burglary.

{¶12} The court ordered that the sentences in Case Nos. CR-15-595919-B, CR-16-607464-B, CR-16-608613-A, CR-16-610231-A, and CR-17-617167-A run concurrent to the sentences in Case Nos. CR-16-608614-A and CR-16-607962-A, giving Cummings a total of 25 years incarceration.

{¶13} It is from this judgment that Cummings now appeals.

## II. Law and Analysis

{¶14} In his sole assignment of error, Cummings argues that he did not knowingly, intelligently, or voluntarily enter into his guilty plea because the trial court failed to determine whether anyone had threatened or promised him anything in exchange for his plea.

{¶15} We review whether the trial court accepted Cummings's plea in compliance with Crim.R. 11(C) de novo. *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 13 (8th Dist.), citing *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606. A defendant must enter into a plea knowingly, intelligently, and voluntarily for it to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). To ensure the constitutionality of pleas, Crim.R. 11(C) sets forth specific procedures that trial courts must follow when accepting guilty pleas, covering the waiver of constitutional rights and the explanation of nonconstitutional rights. *See State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) ("Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.").

{¶16} Before a defendant waives his constitutional rights, "a 'trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial [sic], his right to confront his accusers, and his

right of compulsory process of witnesses.'" *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 12, quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

**{¶17}** A trial court must also make findings and disclosures concerning a defendant's nonconstitutional rights. Specifically, a trial court must

> [d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing [and] [inform] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Crim.R. 11(C)(2)(a) and (b). A trial court must only substantially comply with Crim.R. 11's requirements when advising a defendant of his nonconstitutional rights. *Veney* at ¶ 14. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 10, quoting *Nero*. "'If it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance.'" *Id.*, quoting *State v. Caplinger*, 105 Ohio App.3d 567, 664 N.E.2d 959 (4th Dist.1995).

**{¶18}** In addition to showing noncompliance, "a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue." *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 12, citing *Veney*. To establish prejudice, a defendant must show that, had the trial court substantially complied with Crim.R. 11(C)'s requirements, he would not have entered into the plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

**{¶19}** In support of his assignment of error, Cummings points to Fed.R.Crim.P. 11, which explicitly requires the trial court to "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)" before accepting a guilty plea. While Cummings's recitation of Fed.R.Crim.P. 11 is correct, Ohio's Crim.R. 11 does not contain the same language. Crim.R. 11(C) requires a trial court to do all of the following before accepting a guilty plea:

> (a) Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) [Inform] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) [Inform] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining

witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Unlike Fed.R.Crim.P. 11, Ohio's Crim.R. 11 does not explicitly require the trial court to determine that the defendant's guilty plea did not result from force, threats, or promises not included in the plea agreement. *See State v. Staten*, 7th Dist. Mahoning No. 03 MA 187, 2005-Ohio-1350, ¶ 31 (noting that Crim.R. 11 "does not explicitly" require a trial court to ask whether any promises or threats were made before accepting a guilty plea, unlike Fed.R.Crim.P. 11(b)(2)).

{¶20} Cummings also argues that Crim.R. 11(C)'s requirement that the trial court determine "that the defendant is making the plea voluntarily" creates a duty "to ascertain whether it has been induced by any promises or threats other than those set forth in the record."

{¶21} "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). "It must be pointed out[, however that] the primary means for a trial court to ascertain that a plea is being made voluntarily is to uncover whether the defendant understands the nature of the charges and the constitutional rights that are being waived by pleading guilty[.]" *Staten* at ¶ 43.

{¶22} In *Staten*, the court found that the appellant's guilty plea was voluntary because the trial court reviewed the charges against the defendant, explained the possible penalties, and recited the constitutional rights that the defendant was waiving. *Staten*,

7th Dist. Mahoning No. 03 MA 187, 2005-Ohio-1350, at ¶ 38.   The court also noted that the trial court reviewed the defendant's written guilty plea in which the defendant stated that he was not coerced or induced by any threats or promises.   *Id.* at ¶ 34.   The court found that "[a]lthough the trial judge never specifically used the word 'voluntary' in its lengthy colloquy with Appellant, the colloquy as a whole was the trial court's method of ascertaining whether the plea was being made voluntary."   *Id.* at ¶ 40.

{¶23} In this case, the trial court also engaged in a lengthy colloquy with Cummings, during which it explained the charges against him, listed the possible penalties — including a lengthy discussion about whether the sentences for each of Cummings's convictions would be concurrent, and reviewed the constitutional rights that Cummings was waiving.   Thus, while the trial court did not get an explicit answer to its question about whether Cummings's plea was the result of promises or threats not included in the plea agreement, it did ensure that Cummings understood the charges against him and the constitutional rights that he was waiving by entering into a plea agreement.   At no point during the plea hearing did Cummings express that he did not want to plea or that he was even hesitant about pleading guilty.   In fact, Cummings stated that his attorney "broke everything down to [him]" and that he understood the plea agreement.   The state also said during the plea hearing that "[n]o promises, threats, or representations have been made in order to induce said plea[.]"   Based on the above, we find that Cummings voluntarily entered into his plea.

**{¶24}** Finally, Cummings has not shown that he was prejudiced, which he must do before we vacate a plea based on a trial court's error as to nonconstitutional aspects of a plea colloquy. As a result, we overrule his assignment of error.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

[Cite as *State v. Cummings*, 2018-Ohio-3994.]
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

---

_

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR