[Cite as *State v. Everette*, 2018-Ohio-4853.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106389**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHRISTOPHER EVERETTE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-616035-A

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

**ATTORNEY FOR APPELLANT**

Donald M. Gallick
The Law Offices of Donald Gallick
5755 Granger Road, #610
Independence, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Brad Meyer
Eleina Thomas
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY EILEEN KILBANE, P.J.:

{¶1}   Defendant-appellant, Christopher Everette ("Everette"), appeals his sentence following his guilty pleas.   For the reasons set forth below, we affirm.

{¶2}   In April 2017, Everette was charged in a 53-count indictment.   The charges included aggravated robbery, kidnapping, having weapons while under disability, carrying a concealed weapon, and possession of criminal tools.   The aggravated robbery, robbery, and kidnapping charges included one- and three-year firearm specifications.

{¶3}   Everette's codefendant, Carl Lavette ("Lavette"), was also indicted on similar charges.   The indictment alleges that Everette and Lavette participated in a crime spree over multiple days, at multiple locations in the Cleveland area during the month of September 2016.

{¶4}   In June 2017, Everette appeared in court for a change of plea hearing.   At the hearing, the state represented that the case had been fully pretried, and Everette would be

withdrawing his previously entered not guilty pleas and enter guilty pleas to six counts. Under the plea agreement, Everette would plead guilty to four counts of aggravated robbery with one- and three-year firearm specifications attached, plus one count each of having weapons while under disability and possessing criminal tools.

{¶5} The state also represented that there was an agreed recommended sentence range of 15 to 20 years with the understanding that Everette would cooperate and testify truthfully against Lavette, if that case proceeded to trial. The state asked the court to schedule sentencing after the Lavette case was resolved, and if Everette cooperated fully, the state would ask the court to dismiss the remaining charges.

{¶6} Everette's defense counsel indicated the state's representations correctly reflected the agreement. Defense counsel also indicated that he intended to prepare a motion for Everette to marry his fiancée. In addition, defense counsel asked the court to request that the probation department prepare a presentence investigation report and the court psychiatric clinic prepare a mitigation of penalty report after the court accepted Everette's guilty pleas.

{¶7} Thereafter, the trial court proceeded to ask Everette a series of questions, including if he was satisfied with the services of his attorney. Everette stated he was not satisfied with his attorney and did not believe he was properly represented. Everette stated he thought the recommended sentence would be 8 to 12 years instead of 15 to 20 years in prison.

{¶8} The trial court expressed surprise at Everette's dissatisfaction with his attorney and remarked that the attorney in question had been practicing law for a very long time, had tried hundreds of cases, and had represented hundreds, if not thousands of people.

{¶9} Everette stated he was initially told he would get 6 years if he cooperated with the state, then two weeks prior to the hearing he was told he would get 8 to 12 years, but at the

hearing he was being told he would get 15 to 20 years. Everette said he felt misled by his attorney and felt his attorney was not doing his best.

{¶10} Defense counsel stated the 8 to 12 years in question was his offer to the state, which was acceptable to the prosecuting attorney but had to be approved by the supervisor. Defense counsel stated he had discussions with the prosecuting attorney throughout the previous weeks attempting to secure the 8 to 12 years, but the prosecuting attorney's supervisor rejected the offer. Defense counsel stated that moments before hearing, the supervisor formalized the 15- to 20-year plea agreement. Defense counsel stated he discussed the offer with Everette, who subsequently discussed accepting the offer with his fiancée.

{¶11} Following the discussion, Everette decided to enter guilty pleas as outlined in the plea agreement with the state. On July 18, 2017, the trial court sentenced Everette to an aggregate prison term of 20 years.

{¶12} Everette now appeals, assigning the following errors for our review.

### Assignment of Error One

The trial court violated the Constitutions of Ohio and of the United States and Ohio Criminal Rule 11 in accepting a plea that was coercive and devoid of due process.

### Assignment of Error Two

[Everette's] Sixth Amendment right to counsel was violated when he was not present for pretrials when a plea offer could have been accepted.

### Assignment of Error Three

The trial court violated [Everette's] Sixth Amendment right by accepting a coercive plea when [Everette] lacked sufficient time to consult with counsel.

### Assignment of Error Four

The trial court failed to comply with Ohio Revised Code § 2929.12 and committed reversible error by failing to address defense counsel's objection on the issue.

{¶13} We will address the assignments of error out of sequence, where appropriate.

<u>Guilty Plea</u>

**{¶14}** In the first and third assignments of error, Everette challenges his plea, arguing it was not knowingly, intelligently, and voluntarily entered because of coercion, in violation of both the Ohio and United States Constitutions, as well as Crim.R. 11. Specifically, Everette claims he felt coerced by the trial court and the state's reference to the number of years he would be facing if he proceeded to trial and was found guilty. Everette also claims his pleas were coerced because he lacked sufficient time to consult with defense counsel.

**{¶15}** We review the trial court's compliance with Crim.R. 11(C) de novo. *State v. Cummings*, 8th Dist. Cuyahoga Nos. 106262, 106263, 106264, and 106268, 2018-Ohio-3994, citing *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 13 (8th Dist.), citing *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *State v. Maddox*, 8th Dist. Cuyahoga Nos. 106505 and 106506, 2018-Ohio-3056, citing *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶16}** A defendant must enter into a plea knowingly, intelligently, and voluntarily for it to be constitutional under the Ohio and United States Constitutions. *Cummings*, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 1996- Ohio-179, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Strimpel*, 8th Dist. Cuyahoga No. 106129, 2018-Ohio-1628, citing *Engle*. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and

intelligent decision regarding whether to plead guilty. *Id.*; *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶17}** Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea. *State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184, ¶ 5, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶18}** A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, citing *Veney* at ¶ 18. With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Id.,* citing *Veney*, at ¶ 14-17. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Hill* at ¶ 8, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *see also Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶19}** Additionally, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made because the trial court failed to substantially comply with any of the nonconstitutional notifications under Crim.R. 11 must show a prejudicial effect. *State v. Reed*, 8th Dist. Cuyahoga No. 105862, 2018-Ohio-3040, citing *Nero* at 108, citing *Stewart* at 93; Crim.R. 52(A). The relevant test is whether the plea would have otherwise been made. *Id.*

**{¶20}** In the instant case, it is clear that the trial court was in strict compliance with Crim.R. 11(C)(2)(c). The trial court thoroughly explained the nature of the charges, the possible penalties, and his constitutional rights that he would be waiving by pleading guilty. At each juncture, Everette indicated that he understood the trial court's advisement.

**{¶21}** Nonetheless, Everette claims he felt coerced because the trial court stated he could get 100 years if he was found guilty after a trial, as opposed to a prison sentence of 15 to 20 years if he accepted the plea agreement. Everette also claims he felt coerced because he did not have sufficient time to discuss the plea agreement with his attorney. However, Everette's claim of coercion is not borne out by the record.

**{¶22}** As previously mentioned, at the change of plea hearing, Everette expressed dissatisfaction with his defense counsel. After Everette's expression of dissatisfaction, an extended conversation took place. Part of the exchange is as follows:

> [EVERETTE]: Last time we met and the prosecutor talked and he said they're looking at 8 to 12. That's what you're looking at, 8 to 12. * * * I never saw us going to trial. Cop * * * to 8 to 12.

> [JUDGE]: If you don't want to take a plea, you don't have to take a plea; I mean, that's — I don't know that a plea agreement would ever be any better than what the plea agreement is with [defense counsel].

> [STATE]: If I may, your Honor. I would say that this is the very best he's going to be looking at from the State of Ohio. Just to reiterate, this is an offer that requires honest and truthful testimony, as he has done in a previous statement with me present, as well as [defense counsel]. If that is not what happens, this deal is off the table, I will make a motion to withdraw his plea and then he will be looking at the indictment of 48 counts and no deal had been made. There are 48 that only apply to Mr. Everette. And after that, there will no dealing, as we will go to trial, if need be. The State just so Mr. Everette is clear, we are ready to go to trial, if needed, when this Court is ready.

> [JUDGE]: I'm looking at the charges that you were charged with. If you go to trial and you're convicted, I've not added them all up, each felony of the first degree carries a maximum prison sentence anywhere from 3 to 11 years, plus three-year

firearm specifications. Each felony of the first degree has 14 years on it. If you went to trial, and you were convicted of all those felonies of the first degree, I didn't add it up, but it looks to me like maybe 100 years. Did you add it up?

[STATE]: I've added it up. It's 382 and a half years if nothing merged or was run concurrently to itself.  But, you know, accounting for every victim, there would be  — there would be a kidnapping that the Court would find would merge or something. I'm not saying I would go with that, but that is the maximum time.

[JUDGE]: So you're looking at 300 and some years if you go to trial and you're found guilty.  I'm not saying that's what you'll get. I'm just saying the maximum potential prison sentence that exists potentially is — you have an APA hold on you, right?

[EVERETTE]: Yes.

[JUDGE]: So I'm saying that compared to you taking a plea, and I will go over with you how I do recommended sentence, I don't promise you that's what you get.  I'll highly, highly, highly consider that recommended agreed sentence, but I don't make a promise that that's what it's going to be.  If you get sentenced to 15 and 20, that's a lot different than 300 and something.  So it's up to you.  If you don't want to plead guilty, you don't have to plead guilty.

[EVERETTE]: I'll take the plea.

[JUDGE]:   Do you understand what I'm saying?

[EVERETTE]: Yeah.

[JUDGE]: You might not like the information that [your attorney] is giving to you, but the State has already said that your plea agreement is never going to get better than what it is now, and that's if you cooperate. So it's up to you.

[EVERETTE]: Take the plea.

{¶23} Recently, we restated that although the Supreme Court has "strongly discourage[d]" trial court participation in the plea bargaining process, a plea is not presumptively invalid merely because of such involvement. *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, citing *State v. Byrd*, 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980). Instead, the relevant inquiry is whether this involvement impacted the voluntariness of the plea.

*Id*. "Ordinarily, if the [court's] active conduct could lead a defendant to believe he cannot get a fair trial because the [court] thinks that a trial is a futile exercise or that the [court] would be biased against him at trial, the plea should be held to be involuntary * * *." *Id*. at 293-294.

**{¶24}** Here, the trial court's statements outlining the maximum potential prison sentence Everette would be facing if he were found guilty after a trial, do not amount to involvement in the plea bargaining process. To the contrary, the trial court was merely advising Everette of the maximum penalty he could receive if he went to trial and was found guilty of all the counts alleged against him in the indictment. Under Crim.R. 11(C)(2)(a), the trial court must be sure that before a defendant pleads guilty to a felony, he knows the maximum penalty. Therefore, by explaining the maximum sentence Everette could receive, the trial court was complying with the requirements of Crim.R. 11(C)(2)(a).

**{¶25}** Our review of the record does not indicate that the trial court or the prosecuting attorney's statements impacted the voluntariness of Everette's plea. At no time did the trial court ever state that Everette should take the plea. Instead, the trial court reminded Everette twice that he did not have to take the plea. Both times, Everette stated he would take the plea. Therefore, the trial court's statements regarding the maximum potential prison sentence should not have created a sense of foreboding in Everette.

**{¶26}** Most telling, Everette never once indicated he would go to trial prior to entering his guilty pleas. To the contrary, Everette stated: "I never saw us going to trial."

**{¶27}** Further, based on the extensive discussion the morning of the plea, Everette was aware that the recommended prison sentence of 15 to 20 years was the best offer from the state. Everette was also aware that the state was prepared to go to trial. In addition, Everette was aware that defense counsel had attempted to get 8 to 12 years and that the prosecuting attorney

had found the offer acceptable, but was overruled. Further, defense counsel indicated he had discussed the offer at length with Everette, who in turn had discussed it with his fiancée. Thus, when Everette decided to accept the offer and plead guilty to 6 out of 53 counts, he did so knowingly, intelligently, and voluntarily. Based on the foregoing, there is nothing in the record to support Everette's claim that the trial court's statements amounted to coercion.

{¶28} Therefore, the first assignment of error is overruled.

{¶29} In the third assignment of error, Everette argues the trial court violated his Sixth Amendment rights by accepting a coercive plea. We find this argument unpersuasive in light of our disposition in the first assignment of error.

{¶30} Thus, the third assignment of error is overruled.

Effective Assistance of Counsel

{¶31} In the second assigned error, Everette argues he was denied the effective assistance of counsel.

{¶32} To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonable representation, and (2) the defendant was prejudiced by that deficient performance. *State v. Barnes*, 8th Dist. Cuyahoga No. 104910, 2018-Ohio-86, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

{¶33} A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than

knowing, intelligent, and voluntary. *State v. Hoyle*, 8th Dist. Cuyahoga No. 102791, 2016-Ohio-586, citing *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In such cases, a defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have plead guilty to the offense at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

**{¶34}** Here, we found that Everette voluntarily entered his guilty pleas. Thus, Everette's claim of ineffective assistance of counsel is waived. In addition, despite Everette's expressed dissatisfaction with defense counsel, there is no indication he would have gone to trial, but for counsel's deficient performance. As previously mentioned, Everette stated: "I never saw us going to trial." Therefore, Everette cannot demonstrate any prejudice.

**{¶35}** A defendant's failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Thomas*, 8th Dist. Cuyahoga No. 105375, 2018-Ohio-1081, citing *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674. Because Everette cannot demonstrate any prejudice, his claim of ineffective assistance fails.

**{¶36}** Accordingly, the second assignment of error is overruled.

Sentence

**{¶37}** In the fourth assignment of error, Everette argues the trial court failed to comply with R.C. 2929.12 when it imposed his sentence.

**{¶38}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Ware*, 8th Dist. Cuyahoga No. 106176, 2018-Ohio-2294, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23.

**{¶39}** R.C. 2953.08(G)(2) provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶40}** A sentence is contrary to law if: (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. Appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

**{¶41}** In the instant case, Everette specifically claims the trial court failed to consider the lack of physical harm caused to the victims in violation of R.C. 2929.12.

**{¶42}** R.C. 2929.12(B)(1) provides:

The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

**{¶43}** Here, the above statute requires the trial court to consider "all that apply," including the physical or mental injury suffered by the victim. We underscore "all that apply" and note the statute's use of "or" instead of "and." To that end, the trial court stated:

This Court had the opportunity to view all of the surveillance videos that pertained to all seven incidents and is aware of the destruction that this crime spree caused throughout the east side of Cuyahoga County. It involved Cleveland, Richmond Heights, South Euclid, Shaker Heights, Euclid, University Heights, and Cleveland Heights. Seven incidents and ten victims; one of the victims was nine years old. All of but one of these incidents involved a MAC-10, what most of these victims described to be a machine gun.

For instance, Willmerie Ruiz Baez, who was from the Richmond Heights incident, who this Court heard the testimony in court, she was in tears; she was eight months pregnant. She had the MAC-10 put in her face; she had to watch her fiancé being placed in a choke hold by Mr. Everette, had a MAC-10 put to his head and his life threatened if she did not take the money out of the register and give it to him. At one point her daughter walks in; Mr. Everette turns to her and actually points the machine gun at her.

**{¶44}** From the above excerpt, it is clear the trial court considered the factors set forth in R.C. 2929.12. Although (B)(1) states the trial court shall consider the physical or mental injury,

the above excerpt indicates the trial court considered both. The trial court referenced Ms. Baez's fiancé being placed in a choke hold by Everette, so certainly there was some degree of physical harm in addition to the mental anguish.

**{¶45}** Based on our review of the entire record and the presentence investigation report, we are unable to conclude, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law.

**{¶46}** Accordingly, the fourth assignment of error is overruled.

**{¶47}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR