[Cite as *State v. Burks*, 2023-Ohio-72.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111423 |
| v. | : | |
| CHRISTIAN BURKS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-658382-A, CR-21-660737-A, and CR-21-664238-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer Driscoll, Assistant Prosecuting Attorney, *for appellee*.

Tyresha Brown-O'Neal and Lon'cherie' D. Billingsley, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Christian Burks ("Burks") appeals from his conviction following a guilty plea. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} This case stems from a guilty plea that resolved three separate criminal cases. On April 6, 2021, in Cuyahoga C.P. No. CR-21-658382, a Cuyahoga County Grand Jury indicted Burks on one count of kidnapping in violation of R.C. 2905.01(A)(3), one count of abduction in violation of R.C. 2905.02(A)(1), and one count of domestic violence in violation of R.C. 2919.25(A).

{¶ 3} On July 9, 2021, in Cuyahoga C.P. No. CR-21-660737, a Cuyahoga County Grand Jury indicted Burks on one count of rape in violation of R.C. 2907.02(A)(2), one count of rape in violation of R.C. 2907.02(A)(1)(c), and one count of kidnapping in violation of R.C. 2905.01(A)(4). All three counts carried a sexually violent predator specification, and the kidnapping count carried a sexual motivation specification.

{¶ 4} On October 19, 2021, in Cuyahoga C.P. No. CR-21-664328, a Cuyahoga County Grand Jury indicted Burks on a 27-count indictment for charges of rape, gross sexual imposition, kidnapping, theft, and misuse of credit cards. This indictment was the result of a series of sexual assaults against five separate victims that occurred between December 2018 and December 2020.

{¶ 5} At a pretrial hearing on February 1, 2022, defense counsel and the assistant prosecuting attorney informed the court that discovery was incomplete.

At a pretrial hearing on February 28, 2022, the court outlined the charges and the parties addressed the court as to their ongoing plea negotiations. Defense counsel confirmed the assistant prosecuting attorney's summary of the proposed plea and the following exchange occurred:

> DEFENSE COUNSEL: And, Your Honor, we are discussing a range, a recommended range of sentencing, because he doesn't want to go into an empty elevator. So we're trying to work that out and that's — we're in the midst of those discussions now, Your Honor.
>
> * * *
>
> THE COURT: [Defense counsel], when will you and the State be prepared to get on the record with respect to this range?
>
> DEFENSE COUNSEL: I made a request this morning to the prosecutors, Your Honor. I need their input when they think they can be ready.
>
> THE COURT: [Assistant prosecuting attorney]?
>
> ASSISTANT PROSECUTING ATTORNEY: The suggestion of the range this morning was not something that we would — it's going to be much higher, and it's going to be a range.

No additional discussion of a sentencing range was placed on the record, and the court proceeded to schedule a final pretrial hearing.

{¶ 6} On March 9, 2022, the court held a change-of-plea hearing. The assistant prosecuting attorney outlined the terms of the plea agreement: in exchange for Burks pleading guilty on a number of charges, agreeing to no contact with the victims, and agreeing that the charges were not allied offenses of similar import, the state would nolle the remaining charges and specifications. Defense counsel confirmed that this accurately described the plea agreement, and the court

proceeded to engage Burks in a Crim.R. 11 colloquy. The court reiterated the charges to which Burks would plead guilty, the associated penalties — including sentences imposed pursuant to S.B. 201, the Reagan Tokes Law, where applicable — and ultimately accepted Burks's guilty plea. Burks pleaded guilty to five counts of rape, four counts of kidnapping, two counts of abduction, one count of domestic violence, and one count of theft. Defense counsel requested that the court refer Burks for the preparation of a presentence investigation report ("PSI"). When the court informed defense counsel that it was in possession of a PSI related to a 2018 criminal case, defense counsel withdrew his request for a new PSI.

{¶ 7} On March 21, 2022, the state filed a sentencing memorandum in which it outlined Burks's conduct, the corresponding offenses, and the maximum potential sentence of 103 years. The sentencing memorandum included descriptions of each of the alleged incidents in which Burks repeatedly took advantage of numerous victims by posing as an Uber driver and sexually assaulting and stealing from the victims. Burks did not file a sentencing memorandum.

{¶ 8} On March 22, 2022, the court held a sentencing hearing. The court stated that it had reviewed Burks's 2018 PSI, as well as the sentencing memorandum filed by the state. The assistant prosecuting attorney addressed the court and requested that Burks receive a "significant, consecutive" sentence. Three

of the victims addressed the court, and a fourth victim submitted a letter to the court. Defense counsel and Burks also addressed the court.

{¶ 9} The court sentenced Burks to an aggregate sentence of 41 to 43 and a half years in prison.

{¶ 10} Burks appeals, presenting two assignments of error for our review:

I. The trial court erred when it found appellant's guilty plea was knowing, intelligent, and voluntary.

II. Appellant was denied effective assistance of counsel in violation of his constitutional rights.

**Legal Analysis**

**I. Guilty Plea**

{¶ 11} In his first assignment of error, Burks argues that the trial court erred when it found his guilty plea knowing, intelligent, and voluntary. Specifically, Burks argues that the trial court failed to inquire whether Burks had been threatened or otherwise induced into pleading guilty. Burks also asserts that he pleaded guilty "believing he would receive an eight-year sentence."

{¶ 12} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of

review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 13} In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a

trial at which the defendant cannot be compelled to testify against himself or herself.

The Ohio Supreme Court has held that in determining whether a trial court complied with Crim.R. 11, reviewing courts consider the following questions:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

{¶ 14} Fed.R.Crim.P. 11 explicitly requires trial courts to "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)" before accepting a guilty plea. Ohio's Crim.R. 11, however, does not contain the same explicit requirement. *State v. Cummings*, 8th Dist. Cuyahoga Nos. 106262, 106263, 106264, and 106268, 2018-Ohio-3994, ¶ 19; citing *State v. Staten*, 7th Dist. Mahoning No. 03 MA 187, 2005-Ohio-1350, ¶ 31 (noting that Crim.R. 11 "does not explicitly" require a trial court to ask whether any promises or threats were made before accepting a guilty plea, unlike Fed.R.Crim.P. 11(b)(2)).

{¶ 15} Here, our review of the record shows that while the trial court's Crim.R. 11 colloquy was extensive and thorough, the trial court did not explicitly ask Burks if any threats or promises had been made in exchange for pleading guilty. In light of the aforementioned requirements of Crim.R. 11, however, the absence of this exchange in the record does not render Burks's plea unknowing, unintelligent,

or involuntary. Therefore, the trial court complied with the relevant portion of Crim.R. 11.

{¶ 16} Further, even if the trial court's decision not to explicitly ask Burks whether any threats or promises had been made in exchange for his plea did amount to a violation of Crim.R. 11, the remaining questions in the *Dangler* analysis illustrate that Burks's plea was knowing, intelligent, and voluntary. Even if we construed the Crim.R. 11 colloquy as deficient, the court did not completely fail to comply with the rule so as to excuse Burks from demonstrating prejudice. To the contrary, the court's colloquy was extensive. The court explained Burks's constitutional rights and ensured that he understood that he would be waiving them by pleading guilty. The court also described the potential penalties Burks faced for each of the charges to which he pleaded guilty, ensuring after each count that Burks understood the potential consequences of his plea. In addition, the assistant county prosecutor stated on the record that the sentencing range would be very high. Finally, Burks has failed to demonstrate prejudice. Prejudice must be established "'on the face of the record.'" *Dangler* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999). There is nothing in the record indicating that Burks would

not have entered his plea had the trial court explicitly asked whether any threats or promises had been made.

{¶ 17} Finally, to the extent that Burks argues that his plea is invalid pursuant to contract principles, we are not persuaded. Burks asserts that he pleaded guilty believing he would receive an eight-year sentence and instead received a 41-year sentence. Burks does not explain whether he was promised an eight-year sentence by the court, the state, or his own counsel. We reiterate that nothing in the record supports Burks's assertion that he received any threats or promises, let alone the promise of an eight-year sentence, in exchange for his plea. The record reflects that the parties were engaged in extensive plea negotiations, including a discussion of a recommended sentencing range. The only time a sentencing range was mentioned on the record, the state of Ohio clearly stated that the parties had not reached an agreement; the range was not mentioned at subsequent hearings. The terms of the plea agreement were placed on the record at the plea hearing in accordance with Crim.R. 11(F); the agreement included no mention of a recommended sentence, let alone a sentence of eight years. Therefore, Burks's argument is not well-taken. Burks's first assignment of error is overruled.

## II. Ineffective Assistance of Counsel

{¶ 18} In Burks's second assignment of error, he argues that he received ineffective assistance of counsel in violation of his constitutional rights. Specifically, he reiterates his arguments regarding his guilty plea and claimed belief

that he would receive an eight-year sentence. He also argues that his trial counsel was ineffective for failing to request a current PSI.

{¶ 19} To succeed on an ineffective assistance of counsel claim, the appellant must show (1) that his trial counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

{¶ 20} With respect to his guilty plea and sentence, Burks argues that his counsel failed to communicate to Burks that there was no agreed sentence in the case or to raise his "erroneous" sentence with the trial court. We reiterate that our review of the record reveals that the court informed Burks of the potential penalties he faced pursuant to his plea agreement; therefore, we cannot conclude that his trial counsel was somehow deficient for failing to explain something that the record demonstrates Burks confirmed he understood. Likewise, because Burks's sentence was in no way "erroneous" or violative of the terms of his plea agreement, Burks's counsel was not deficient for failing to raise this alleged issue with the trial court. Finally, with respect to the PSI, Burks does not explain how or why the use of the 2018 PSI constituted deficient performance by his counsel, or how this PSI

prejudiced him. Because Burks is unable to satisfy either prong required for establishing ineffective assistance of counsel, his second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR